INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS et al. v. NATIONAL LABOR RELATIONS BOARD et al.

No. 1751.

District Court, E. D. Michigan, S. D.

March 23, 1940.

Edward N. Barnard, of Detroit, Mich., for plaintiff.

Robert B. Watts and Malcolm F. Halliday, both of Washington, D. C., and Harold A. Cranefield, of Detroit, Mich., for National Labor Relations Board.

Jack N. Tucker, of Detroit, Mich., for Utility Workers Organizing Committee.

Walter D. Kline and William R. Roberts, both of Jackson, Mich., for Consumers' Power Co.

MOINET, District Judge.

Plaintiffs' order to show cause why a temporary injunction should not issue herein having come on to be heard, and the Court having heard arguments of counsel for and against the same, now, therefore, pursuant to Rule 52 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, this Court hereby makes the following findings of fact and conclusions of law.

Findings of Fact.

On November 8, 1938, the National Labor Relations Board issued a decision and direction of election in the matter of Consumers Power Company and International Brotherhood of Electrical Workers, Local 876, bearing No., R-1004 ordering an election to be held for the purpose of enabling the employees of Consumers Power Company to choose an exclusive bargaining agent under the provisions of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. This order was later twice amended.

The order fixed the date of qualification of employees to vote at such election as August 29, 1938, except those who had quit or been discharged for cause subsequent to that date.

At such election held in January, 1939, out of a total of 2,806 valid votes cast, 1,072 employees designated plaintiff Local No. 876 as their choice of bargaining agent; 1,164 employees designated Utility Workers Organizing Committee, a defendant herein, as their choice of bargaining agent. 506 employees voted "Neither" indicating thereby that they did not desire to have either as the bargaining agent. It thus appears that although the Utility Workers Organizing Committee had a plurality, neither organization received a majority of the votes.

Accordingly the Board later issued a supplemental decision and second direction of election to provide a so-called "run-off" election in which the same employees previously voting should designate whether or not they desire to be represented by Utility Workers Organizing Committee for the purposes of collective bargaining. This order eliminated plaintiff Local No. 876 from the ballot.

Subsequently the Circuit Court of Appeals for the Sixth Circuit, 105 F.2d 598, held that this supplemental decision and second direction of election was invalid and ordered it set aside. On certiorari to the Supreme Court of the United States, 308 U.S. 413, 60 S.Ct. 306, 84 L.Ed. 354, the order of the Circuit Court of Appeals was reversed upon the ground that the National Labor Relations Act provided no statutory method of a review of the Board's order for an election. In a companion case in the United States Supreme Court, American Federation of Labor v. National Labor Relations Board, 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347, decided on the same day, the Supreme Court's decision therein, which was the basis for the decision in the certiorari pertaining to the instant matter, expressly noted that the question of the jurisdiction of a Federal equity court in an independent suit involving the validity of such an order was not before it, and the Court's decision is limited to the question of a right to review the Board's action under provisions of the National Labor Relations Act.

Some time subsequent to the election held in January, 1939, the Citizens Light and Power Company having headquarters

in Adrian, Michigan, became a portion of the Consumers Power Company known as the Adrian division. Pending the certiorari proceedings in the Supreme Court of the United States, plaintiff Local No. 876 filed a petition with the defendant Bowen, as regional director, asking for an election to determine a bargaining agent. This petition was later dismissed.

The supplemental decision and amendment to second direction of election, dated March 4, 1940, and herein attacked, fixes March 4, 1940, instead of August 29, 1938, as the date for determining eligibility of employees to vote at the so-called run-off election. The Board's order notes that it was alleged that as of January 1, 1940, there were 384 employees on the pay-roll of the company who were not on the pay-roll on August 29, 1938, and that these 384 employees included from 75 to 85 employees in the Adrian division, also that 329 employees who were on the pay-roll of August 29, 1938, have since that date been permanently severed from the Company's pay-roll. Though there was no formal record before the Board as to the exact changes in personnel, the Board took notice of the probability of occurrences of such changes during the eighteen months' period which elapsed since August 29, 1938, and fixed March 4, 1940, as the date for determining eligibility to vote. However, it adhered to its earlier decision that the only organization whose name should appear on the ballot should be defendant Utility Workers Organizing Committee. In its order the Board stated that the change in personnel was due to the delay in holding the so-called run-off election and that this was due solely to the proceedings by which plaintiff Local No. 876 had sought to review the Board's actions in the Circuit Court of Appeals for the Sixth Circuit; and the Board held that plaintiff local was therefore not in a position to claim benefits on the basis of delay brought about by its own efforts.

Unless restrained by order of this Court the National Labor Relations Board through the defendant Bowen as Regional Director for the Seventh Region will proceed to conduct and hold an election in conformity with its decision of March 4, 1940, and will not permit any of the employees of the company eligible to vote at the election to designate plaintiff local No. 876 as their bargaining agent, and that the employees of the Adrian division as well as all other new employees of the company since August, 1938, will thereby be prevented from designating any bargaining agent other than defendant Utility Workers Organizing Committee.

## Conclusions of Law.

■ 1. Under the circumstances of this case the so-called run-off election in which plaintiff Local No. 876 is not permitted to have its name upon the ballot is in violation of provisions of the National Labor Relations Act providing for majority rule in the selection of bargaining agents and insuring full opportunity for all employees in the appropriate unit to select a bargaining agent of their own choice.

2. Such so-called run-off election is in legal contemplation a new election, and the attempt to restrict a selection to the defendant Utility Workers Organizing Committee, is, therefore, in violation of the aforesaid provisions of the National Labor Relations Act.

■ 3. Execution of the Board's order of March 4, 1940 would not only give effect to the votes of those employees who voted at the first election, but who are not now employees of the company nor eligible to vote again, but would also for all practical intents and purposes disenfranchise all of the present employees who desire to have some other organization than Utility Workers Organizing Committee represent them, and particularly the employees of the Adrian division and other employees who have been placed on a pay-roll since August, 1938, and this constitutes a denial of due process as well as a violation of the aforesaid provisions of the National Labor Relations Act.

4. The attempt virtually to disenfranchise those who desire to be represented by plaintiff local No. 876 constitutes, under the circumstances of this case, an abuse of the power and discretion vested in the National Labor Relations Board by the National Labor Relations Act, and is arbitrary, unjust, and illegal.

■ 5. This Court, in the exercise of its general equity jurisdiction has jurisdiction of these proceedings and power to issue a temporary injunction as prayed.

6. It appears from the allegations of the bill of complaint, taken as true in the absence of answer thereto, that plaintiffs have property rights and personal rights entitled to protection by a Court of Equity

under the due process clause of the constitution.

7. Plaintiffs have no adequate and complete remedy at law.

8. The defendant Bowen as Regional Director for the Seventh Region under the National Labor Relations Board, and as agent ordered by the Board to conduct such election, is amenable to a writ of injunction issuable by this Court, and an injunction in accordance with the prayer of the bill of complaint should be issued against him.