**AMERICAN FEDERATION OF LABOR et al. v. MADDEN et al.**

**No. 5517.**

District Court of the United States for the District of Columbia.

June 3, 1940.

944

Joseph A. Padway, and Herbert S. Thatcher, both of Washington, D. C., for plaintiffs.

Chas. Fahy, Robert B. Watts, and H. G. Ingraham, all of Washington, D. C., for defendants.

BAILEY, Associate Justice.

In the former proceedings between the same parties before the Court of Appeals seeking to have that court review and set aside the same action of the defendants that is complained of in the instant suit (American Federation of Labor v. National Labor Relations Board, 70 App.D. C. 62, 103 F.2d 933, 936) that court held that the certification by the defendants was not an order that could be reviewed by that court, and this action of the Court of Appeals was affirmed by the Supreme Court. In its opinion, however, the Court of Appeals said "* * * we hold that though the decision here was required by the Act to be made and to be made on the evidence and argument after judicial hearing, and though it was definitive, adversary, binding, final, and in this case struck at the very roots of petitioner's union and destroyed .its effectiveness in a large geographical area of the Nation, it was not an order because the act did not require it to ·be made in the language of command, and hence is reviewable—as was held in the Shields case, supra [Shields v. Utah Idaho Central Railroad Co., 305 U.S. 177, 59 S.Ct. 160, 83 L.Ed. 111], and in Utah Fuel Co. v. National Bituminous Coal Commission [306 U.S. 56], 59 S.Ct. 409, 83 L.Ed. [483], decided Jan. 30, 1939—only in an independent suit in equity commenced in a District Court." Accordingly the plaintiffs have now brought this suit in equity in this court.

In view of the above-quoted language of the Court of Appeals, I see no reason why this suit cannot be maintained. As stated by the Court of Appeals, the complaint shows great and irreparable damage to the plaintiff. The particular form of relief to which the plaintiffs may be entitled can be determined in final hearing. There seems to be little ground for the contention that this is a suit against the United States. As to the suggestion that there is a want of necessary parties, the Court of Appeals in a somewhat similar case (Brotherhood of Railroad Trainmen v. National Mediation Board, 66 App.D.C. 375, 88 F.2d 757) directed this court to direct the annulment of a certification, although the union which had been certified as the exclusive bargaining agent was not before the court.

The motion to dismiss should be overruled.