**FITZGERALD et al. v. DOUDS et al.**

No. 205, Docket 20942.

Circuit Court of Appeals, Second Circuit.

April 29, 1948.

David Scribner, Seymour Linfield, and Arthur Kinoy, all of New York City, for appellants.

Robert N. Denham, Gen. Counsel, David P. Findling, Associate Gen. Counsel, and Ruth Weyand, Acting Asst. Gen. Counsel, all of Washington, D. C., Paul S. Kuelthau, Chief Law Officer, of New York City, Arnold Ordman, Atty., of Washington, D. C., all of the National Labor Relations Board, for appellees.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This is a suit brought by two labor unions, United Electrical, Radio & Machine Workers of America (for brevity called UE) and UE Local 412, to prevent the defendants from conducting a hearing in a representation proceeding.[1] Following certification by the National Labor Relations Board, on July 23, 1943, of UE as the collective bargaining representative of employees in an appropriate unit at the Bloomfield, N. J. plant of Westinghouse Electric Corporation, the employer and UE negotiated a series of collective bargaining contracts. They are now operating under one made on April 1, 1947 which continues in effect until April 1, 1949, embodies provisions with respect to rates of pay and other conditions of employment, and provides for deduction of membership dues and their remission to UE Local 412. On February 13, 1948, UE and UE Local 412 were notified by defendant Douds of a representation hearing to be held February 16th on petitions filed by other labor organizations to oust UE as the duly designated collective bargaining representative of employees at the Bloomfield plant. At the hearing on February 16th UE and UE Local 412 appeared specially and moved for dismissal of the petitions and discontinuance of the proceedings on the ground that they were in direct violation of section 103

[1] The plaintiffs are unincorporated associations suing in the names of their respective presidents.

of the Labor-Management Relations Act, 1947, 29 U.S.C.A. § 159 note, and consequently the Board lacked jurisdiction; but the Hearing Officer, defendant Silagi, declined to dismiss the petitions and discontinue the proceedings. The present suit was then filed to obtain a temporary, and, after trial, a permanent, injunction, the complaint alleging that continuance of the proceedings will cause the plaintiff unions immediate, substantial and irreparable injury in that enforcement of the collective bargaining contract will be impaired and the plaintiffs be deprived of valuable property rights provided for in the contract. Upon filing of the complaint a temporary restraining order was issued. On February 19, 1948 upon cross motions of the parties, the order was entered from which the plaintiffs have appealed. It denies an injunction pendente lite, vacates the temporary restraining order and dismisses the complaint.

The basis for the injunction sought by the plaintiffs is asserted to be section 103 of the Labor Management Relations Act, 1947, which went into effect August 22, 1947. This section reads as follows:

"Sec. 103. No provisions of this title shall affect any certification of representatives or any determination as to the appropriate collective-bargaining unit, which was made under section 9 of the National Labor Relations Act prior to the effective date of this title until one year after the date of such certification or if, in respect of any such certification, a collective-bargaining contract was entered into prior to the effective date of this title, until the end of the contract period or until one year after such date, whichever first occurs."

The year prescribed by section 103 will not end until August 22, 1948, after which date the Board will concededly have jurisdiction over the representation proceeding under section 9(c) (1) (A) (ii).[2] The theory of the plaintiffs is that until such date section 103 deprives the Board not only of power to "decertify" UE but also of power to conduct an investigation of the petitions for "decertification," and, consequently, that the Board is acting beyond its jurisdiction in holding the hearing noticed for February 16th, and may be restrained by the district court.

■ Section 10 of the National Labor Relations Act is the only section which confers jurisdiction on the courts. Section 10(e) gives the Board power to apply to the courts for enforcement of its orders; and section 10(f) is a similar section giving the privilege of judicial review to "any person aggrieved by a final order of the Board." But both these sections are confined to orders with respect to unfair labor practices. The Act nowhere authorizes a direct review of a representation order, or of a "decertification" order under the Act as amended. It does, however, provide an indirect review in section 9(d) which directs that when an order under section 10(c) prohibiting an unfair labor practice has been based in part upon a certification following an investigation pursuant to section 9(c) and is to be enforced or reviewed under section 10(e) or 10(f) the record of the certification and investigation shall be included in the transcript. A majority of the court believes that Congress has dealt in section 9(d) with reviews of certification and "decertification," and has provided therein the only relief it means to grant on that subject. A.F. of L. v. National Labor Relations Board, 308 U.S. 401, 411, 60 S.Ct. 300, 84 L.Ed. 347; National Labor Relations Board v. Falk Corp., 308 U.S. 453, 459, 60 S.Ct. 307, 84 L.Ed. 396; E. I.

2 "(c) (1) Whenever a petition shall have been filed, in accordance with such regulations as may be prescribed by the Board—

"(A) by an employee or group of employees or any individual or labor organization acting in their behalf alleging that a substantial number of employees *. * * (ii) assert that the individual or labor organization, which has been certified or is being currently recognized by their employer as the bargaining representative, is no longer a representative as defined in section 9(a); * * *

the Board shall investigate such petition and if it has reasonable cause to believe that a question of representation affecting commerce exists shall provide for an appropriate hearing upon due notice. * * *"

Dupont de Nemours & Co. v. Boland, 2 Cir., 85 F.2d 12, 15.[3] Except where the Constitution requires it, judicial review of administrative action may be granted or withheld as Congress chooses. Estep v. United States, 327 U.S. 114, 120, 66 S.Ct. 423, 90 L.Ed. 567; Switchmen's Union v. Mediation Board, 320 U.S. 297, 301, 64 S.Ct. 95, 88 L.Ed. 61. That there is any constitutional necessity for granting further relief than section 9(d) provides the plaintiffs do not suggest.

■ They contend, however, that the National Labor Relations Act has not deprived the district courts of their general equity jurisdiction under section 24 of the Judicial Code, 28 U.S.C.A. § 41, and that the Board may be enjoined from acting in a matter beyond its jurisdiction if a proper case for equitable relief is presented. They rely primarily upon Klein v. Herrick, D.C. S.D.N.Y., 41 F.Supp. 417 where Judge Rifkind held that the court had jurisdiction to enjoin the carrying out of an order directing an election, but dismissed the complaint on the ground that the suit was premature and the complaint failed to allege that irreparable damage had resulted or would result from the action sought to be enjoined. Judge Frank agrees with this view. If it be assumed that jurisdiction of the subject matter exists in the case at bar for the reasons stated by Judge Rifkind in Klein v. Herrick,[4] supra, denial of a preliminary injunction and dismissal of the complaint were nevertheless correct.

■ In the first place the suit is premature. We assume, in accordance with the plaintiffs' contention, that until August 22, 1948 the Board lacks power by reason of section 103 to make an order "decertifying" UE as collective bargaining representative of Westinghouse employees or terminating the bargaining agreement of April 1, 1947. But we do not interpret section 103 to deprive the Board of power to conduct a hearing under section 9(c) (1) (A) (ii) before that date. To so hold would mean that no representation proceeding could be commenced before August 22, 1948. Section 103 contains no such prohibition; it says only that the Act shall not "affect" any certification of representatives in existence when it took effect, or any existing collective bargaining agreement in respect of any such certification. Because the Board may not "decertify" an existing bargaining representative until August 22, 1948 it does not follow that it cannot "investigate" prior to that date. Whether an investigation undertaken in February is so premature as to make any finding of facts thereunder an insufficient basis for a decertification order on or after August 22nd is obviously a question for the Board, at least in the first instance. Moreover, after investigation the Board may make a decision favorable to the plaintiffs. Setting the case for a hearing does not of itself adversely affect them; their rights will be adversely affected only in the event of future adverse administrative action. Rochester Telephone Corp. v. United States, 307 U.S. 125, 130, 59 S.Ct. 754, 83 L.Ed. 1147, precludes resort to the court at the present stage of the administrative process.

In the second place, the plaintiffs do not show that the holding of the hearing will cause irreparable injury. They argue that the raising of any question as to their right to continue as bargaining representatives will cause them to lose membership dues. But any such loss does not result from the action of the defendants but from volun-

---

[3] Support for this view may be found in the legislative history of the original National Labor Relations Act. See Sen. Rep. No. 573, 74th Cong., 1st Sess., p. 14; House Rep. No. 1147, 74th Cong., 1st Sess., p. 23; 79 Cong. Rec. 7658; Hearings before Senate Committee on Education and Labor, 66th Cong. (1939) pp. 460-3. And also in the legislative history of the Labor-Management Relations Act, 1947. Conf. Rep., House Rep. No. 510, 80th Cong., 1st Sess., pp. 56-7; 93 Cong. Rec. 6444.

[4] The Supreme Court has expressly reserved decision on this question. See Inland Empire Council v. Mellis, 325 U.S. 697, 700, 65 S.Ct. 1316, 89 L.Ed. 1877; A. F. of L. v. N. L. R. B., 308 U.S. 401, 412, 60 S.Ct. 300, 84 L.Ed. 347. The failure to decide the point resulted from the lack of the "required" showing of "unlawful action by the Board and resulting injury" to petitioners.

tary conduct by members of the union who resign.

For the foregoing reasons, even on the assumption that the court had jurisdiction, the judgment appealed from was correct. It is affirmed.