FAY v. DOUDS.

District Court, S. D. New York.

June 14, 1948.

Frank Scheiner and Morton Stavis, both of New York City, for plaintiff.

Mozart G. Ratner, of Washington, D. C., for defendant.

RIFKIND, District Judge.

The complaint prays for a permanent injunction and, pendente lite, a temporary injunction restraining the defendant from holding an election for a collective bargaining representative unless (1) a hearing is first held as commanded by Section 9(c) of the Labor Management Relations Act 1947, 29 U.S.C.A. § 159(c), otherwise known as the Taft-Hartley Act; and (2) Local 475 is given a place on the ballot.

On the complaint and an affidavit, a temporary restraining order issued out of the District Court.

The motions under consideration are the plaintiff's application for a temporary injunction and the defendant's motion to dissolve the restraining order and dismiss the complaint on the ground that the Court is without jurisdiction of the subject matter.

The amended complaint alleges that Local 475 is a labor union which has collective bargaining contracts with ap-

proximately 200 employers, governing the conditions of employment of more than 20,000 workers. Under date of May 1, 1947, Local 475 and the Parker Kalon Corporation (hereinafter referred to as the company) entered into a collective agreement, Local 475 having prior thereto been certified by the National Labor Relations Board as the collective bargaining agent for the employees of the company. The contract of May 1, 1947, provided that it shall continue in full force and effect until May 1, 1948, and from year to year thereafter until terminated by either party giving to the other written notice, by registered mail, of termination, sixty (60) days prior to the expiration date. Neither Local 475 nor the company has given written notice of termination and the agreement is therefore in full force and effect at least until May 1, 1949. A substantial majority of the employees of the company are members of Local 475 and desire to be represented by it for purposes of collective bargaining and, as recently as March and April of 1948, approximately 90 per cent of the employees of the company signed authorizations authorizing the check-off of their union dues and the payment thereof to Local 475. See Section 302(c) of the Act, 29 U.S.C.A. § 186(c).

On April 8, 1948, the International Union, United Automobile, Aircraft and Agricultural Implement Workers of America (hereinafter referred to as UAW) filed a petition for certification of representatives with the National Labor Relations Board wherein it sought to be certified as the collective bargaining representative for the employees of the company. On April 12, 1948, the defendant notified Local 475 of the filing of the petition and that Local 475 was designated as an intervenor; and on April 26th the defendant issued a notice of hearing setting down the question of representation for a hearing on May 11th and served a copy of such notice upon Local 475. On May 4, 1948, the defendant withdrew the notice of hearing and thereafter the defendant scheduled an election to be held on May 18, 1948, wherein UAW would be the only name on the ballot as nominee for collective bargaining representative. On May 4 and May 7, 1948,

Local 475 communicated with the National Labor Relations Board complaining of the conduct of the Regional Director in proceeding without a hearing and in excluding it from the ballot. The National Labor Relations Board replied by telegram that it would take no action to halt or postpone the election arranged by the defendant.

These are all the allegations of the complaint presently necessary for the discussion of the question posed by the defendant's motion to dismiss for want of jurisdiction.

Since we are concerned with a question of judicial power it can be brought into sharper focus if I construe the defendant's position thus: Though the defendant is acting unlawfully and in violation of Section 9(c) of the Taft-Hartley Act in denying a hearing to Local 475 and though the defendant is acting arbitrarily in excluding Local 475 from the ballot in the election which the defendant has ordered, the District Courts are, none the less, powerless to interfere for the reason that "Congress has vested jurisdiction to review action taken by the Board in representation proceedings exclusively in the United States Circuit Courts of Appeals as provided in Section 9(d) of the National Labor Relations Act, as amended;" and even in the Circuit Court of Appeals, such review may not be had directly but only in connection with a final order issued by the Board pursuant to Section 10. That section is concerned with the enforcement or review of orders relating to unfair labor practices.

How Local 475 can have any assurance that it will ever have the opportunity to obtain judicial consideration of its grievances in the Circuit Court of Appeals has not been made clear to me. There may never be an order by the Labor Board on a charge of unfair labor practices; and unless such an order is made Local 475 would have nothing to review. In Klein v. Herrick, D.C.S.D.N.Y. 1941, 41 F.Supp. 417, I held that the District Court did have power to grant equitable relief to a union similarly situated. The Supreme Court which had withheld an answer to this

question in A.F.L. v. N.L.R.B. 1940, 308 U.S. 401, 60 S.Ct. 300. 84 L.Ed. 347 has continued its silence. Inland Empire Dist. Council v. Millis, 1945, 325 U.S. 697, 700, 65 S.Ct. 1316, 89 L.Ed. 1877. However, the Circuit Court of Appeals of this circuit, in Fitzgerald v. Douds, 2 Cir., 167 F.2d 714, 716 said, "A majority of the court believes that Congress has dealt in section 9(d) with reviews of certification and 'decertification,' and has provided therein the only relief it means to grant on that subject." To the authority of that decision I bow.

There is of course an important factual difference between the Fitzgerald case and the case at bar. In the Fitzgerald case, like in Klein v. Herrick, the plaintiff was seeking to restrain the Board from holding a hearing or an election. In the instant case the plaintiff complains because he is excluded from a hearing and an election. However, the language of the Fitzgerald case is broad enough to embrace even this set of facts; and I do not feel authorized to whittle down the scope of the Circuit Court's ruling.

■ Nor can the plaintiff derive any aid from the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq.

In the Fitzgerald case the Court did not mention the applicability of that Act. But I read that case to mean that, except as indicated, it was the Congressional purpose to preclude judicial review, 5 U.S.C.A. § 1009; so that by its terms the Administrative Procedure Act fails to confer a review in the instant case.

■ Under the circumstances, I am obliged to deny plaintiff's motion for a temporary injunction unless that obligation is dissipated by invocation of the principle, acknowledged in the Fitzgerald case, that where the Constitution requires it, judicial review may not be withheld. Ng Fung Ho v. White, 1922, 259 U.S. 276, 284, 42 S.Ct. 492, 66 L.Ed. 938; Estep v. United States, 1946, 327 U.S. 114, 120, 66 S.Ct. 423, 90 L.Ed. 567. Although the briefs touch upon the argument that denial of a hearing is a denial of due process, I am not certain whether the complaint adequately raises that important constitutional issue. Also important is the question of the validity of the defendant's reasons for denying the union a hearing and a place on the ballot. Does the union's non-compliance with section 9(f), (g), and (h), of the Taft-Hartley Act justify the defendant's action? On the basis of the briefs and argument it appears that the union may never have the chance of a judicial determination of these issues.

The defendant contends that no property right of the union is jeopardized. It seems fatuous to argue that a union so proscribed and for all practical purposes "outlawed" is, as far as the "law" can see, unaffected by the defendant's action. I am unwilling to conclude, except upon more convincing reasoning than the briefs have contributed, that a union so treated may never have the opportunity to have it judicially determined whether the N.L.R.B. is acting in obedience to the statute and within constitutional boundaries.

■ Plaintiff has not convinced me that his constitutional rights have been invaded. Neither has the defendant demonstrated that its alleged conduct is free of constitutional infirmity. Considering that to the N.L.R.B. has been confided the execution of the public policy expressed in the Act, I shall not tie its hands where the issue is in doubt.

I shall, therefore, dispose of the motions as follows: The plaintiff's motion for a temporary injunction is denied.

The defendant's motion to dismiss the complaint is likewise denied and the plaintiff is given leave, if it chooses, to amend its complaint.