**ELM CITY BROADCASTING CORPO-RATION, Plaintiff,**

v.

**NATIONAL LABOR RELATIONS BOARD, Defendant.**

**No. 5057.**

United States District Court
D. Connecticut, Civil Division.

Sept. 10, 1954.

James F. Rosen, New Haven, Conn., for plaintiff.

A. Norman Somers, Asst. Gen. Counsel, National Labor Relations Board, Washington, D. C., for defendant.

ANDERSON, District Judge.

The plaintiff has petitioned the court to (1.) review and declare as irregular and unconstitutional certain representation proceedings and (2.) enjoin a hearing scheduled to be held on September 9th, 1954, by a trial examiner of the defendant on an alleged unfair labor practice resulting from a disagreement over the representation proceedings.

On September 3, 1954, this court ordered a temporary stay of the September 9th hearing for the limited purpose of affording the court an opportunity to study the petition and the briefs of the parties relative to the court's power, under the circumstances alleged, to take the requested action.

The questions here presented arise out of efforts by American Federation of Television and Radio Artists, American Federation of Labor, to organize and represent the plaintiff's employees.

About December 29, 1953, the union requested the defendant to hold an election. Shortly thereafter the plaintiff's secretary and treasurer signed and left with the defendant an agreement for a consent election as provided for by Section 102.54 of Series 6 of the Rules and Regulations of the defendant, as amended October 22, 1951. The election was held January 15, 1954, and nine votes were cast for the union and ten votes were cast against union representation. On January 20, 1954, the union filed objections based upon plaintiff's alleged pre-election conduct and unfair labor practices. After an investigation by the defendant's regional director, he, on March 1, 1954, declared the election of January 15th void and ordered a new election. The plaintiff thereupon filed exceptions to this order with the defendant, which refused to entertain them on the ground that the director's action was final as provided by Section 102.54 of its regulations. The new election was held on June 4, 1954, at which eleven votes were cast for the union and seven votes were cast against union representation, with two additional ballots challenged.

On June 9, 1954, the plaintiff renewed its exceptions, objecting to the new election and asking the defendant to review the action of the director in declaring the first election void. On July 2, 1954, the director certified the union as the exclusive bargaining representative of plaintiff's employees. Again the plaintiff filed with the defendant exceptions to the actions of the director and the defendant refused to consider them. On July 20, 1954, the union filed unfair labor practice charges with the defendant, based upon the plaintiff's refusal to bargain, and a complaint was issued by the director on August 5, 1954, and notice was given of a hearing to be held thereon on September 9, 1954.

The plaintiff alleges that there were irregularities by the defendant's agent in procuring the plaintiff's consent to the first election, and that the conclusions of the director and the board were arbitrary, capricious, and an abuse of discretion. It also claims that the delegation of authority by the board to the director to make a final decision in a consent election as provided in Section 102.54 of the defendant's regulations is unconstitutional.

This court is satisfied that in the situation presented by the plaintiff's petition and complaint, it has no jurisdiction over the subject matter of the case.

█ The plaintiff asserts expressly that the courts jurisdiction is derived from the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq. and, by implication, that its jurisdiction may be found

in its general equity powers. The representation proceedings under Section 159 of Title 29 U.S.C.A., with which we are here concerned, are made exempt from the provision of the Administrative Procedure Act in Title 5 U.S.C.A. § 1004(6); and the general provisions of the act do not enlarge the jurisdiction of the court. Fay v. Douds, D.C., 78 F.Supp. 703, White v. Douds, D.C., 80 F.Supp. 402.

With regard to the court's general equity powers and its taking of jurisdiction in the face of the exclusive statutory method of review provided in these cases by the National Labor Relations Act Title 29 U.S.C.A. §§ 159(d) and 160, the Court of Appeals for the 2nd Circuit has, in Fitzgerald v. Douds, 167 F. 2d 714 at page 716 (1–3) had this to say:

"Section 10 of the National Labor Relations Act (Title 29 U.S.C.A. Section 160) is the only section which confers jurisdiction on the courts. Section 10(e) gives the Board power to apply to the courts for enforcement of its orders; and section 10(f) is a similar section giving the privilege of judicial review to 'any person aggrieved by a final order of the Board.' But both these sections are confined to orders with respect to unfair labor practices. The Act nowhere authorizes a direct review of a representation order, or of a 'decertification' order under the Act as amended. It does, however, provide an indirect review in section 9(d) which directs that when an order under section 10(c) prohibiting an unfair labor practice has been based in part upon a certification following an investigation pursuant to section 9(c) and is to be enforced or reviewed under section 10(e) or 10(f) the record of the certification and investigation shall be included in the transcript. A majority of the court believes that Congress has dealt in section 9(d) with reviews of certification and 'decertification,' and has provided therein the only relief it means to

grant on that subject. * * *. Except where the Constitution requires it, judicial review of administrative action may be granted or withheld as Congress chooses."

The Court of Appeals dealt with the subject further in Fay v. Douds, 172 F. 2d 720 and on page 723 (1–2) said:

"The first question is as to the jurisdiction of the District Court which the defendant disputes, invoking our decision in Fitzgerald v. Douds. We there held that, since the only review of a 'Certification' proceeding under § 9 was as an incident to a petition to review an order of the Board under § 10, the remedy so created was exclusive; although we recognized that the result might be otherwise, if a constitutional question were raised. * * * If this assertion of constitutional right is not transparently frivolous, it gave the District Court jurisdiction; and, having once acquired jurisdiction, the court might, and should, dispose of all other questions which arose, even though they would not have been independently justiciable."

◼ The plaintiff construes these cases to mean that if a constitutional issue is raised, ipso facto, the jurisdiction of the District Court immediately takes hold. But this is not so. There must also be the necessity for equitable relief. In the instant case no such necessity has been alleged. Worthington Pump & Machinery Corp. v. Douds, 97 F.Supp. 656.

"Equitable jurisdiction must be shown, based on some ground other than a mere claim that the statute is unconstitutional to warrant equitable relief by injunction against the board. Some otherwise irremediable injury resulting or threatened must be shown. * * *

"The act does not permit or require actual enforcement of the order of the board or imposition of penalties until there has been a full

judicial review in the ordinary way, and no extraordinary relief by injunction should be granted merely because a hearing is scheduled and the statute claimed to be unconstitutional." E. I. Dupont De Nemours & Co. v. Boland, 2 Cir., 85 F.2d 12 at pages 14 and 15 (1, 2–5).

See also Norris, Inc., v. National Labor Relations Board, 85 U.S.App.D.C. 106, 177 F.2d 26. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638.

Although in the following case the Supreme Court was dealing with an effort by a petitioner in the District Court to enjoin proceedings in the Tax Court, its statement in Aircraft & Diesel Corp. v. Hirsch, 331 U.S. 752, on page 773, 67 S.Ct. 1493, 1503, 91 L.Ed. 1796, relative to the constitutional issue therein raised is pertinent to the present case.

"It is true that the presence of constitutional questions, coupled with a sufficient showing of inadequacy of prescribed administrative relief and of threatened or impending irreparable injury flowing from delay incident to following the prescribed procedure, has been held sufficient to dispense with exhausting the administrative process before instituting judicial intervention. But, without going into a detailed analysis of the decisions, this rule is not one of mere convenience or ready application. Where the intent of Congress is clear to require administrative determination, either to the exclusion of judicial action or in advance of it, a strong showing is required, both of inadequacy of the prescribed procedure and of impending harm, to permit shortcircuiting the administrative process. Congress' commands for judicial restraint in this respect are not lightly to be disregarded."

Compare Volney Felt Mills, Inc., v. Le Bus, 5 Cir., 196 F.2d 497.

In the cases where the court has taken jurisdiction the statutory review procedure, Sections 9(d) and 10(e) or(f) of the National Labor Relations Act, Title 29 U.S.C.A. § 159(d) and 160(e) or (f) has been so inadequate as to leave the petitioner in a position where he will suffer irreparable injury or there is a likelihood that he will be precluded from using the review procedure. Klein v. Herrick, D. C., 41 F.Supp. 417; Fay v. Douds, 2 Cir., 172 F.2d 720. The petitioner is not in that situation here. His remedy lies in going forward with the Trial Examiner's hearing, after which, if he is subjected to an adverse ruling, he may follow the prescribed course for review, ultimately placing before the court of appeals his grievances as to the representation proceedings and the constitutional issue which he has raised. In the circumstances alleged the provisions of the National Labor Relations Act for review are adequate, complete and exclusive.

The temporary order for the stay of the Trial Examiner's hearing is terminated and the plaintiff's petition and complaint are dismissed.