**GOLTEN MARINE CO., Inc.,**
Plaintiff,

v.

**Charles T. DOUDS, individually and as Regional Director of the National Labor Relations Board, Defendant.**

United States District Court
S. D. New York.

Jan. 19, 1956.

Zelby & Burstein, New York City, Herbert Burstein, New York City, of counsel, for plaintiff.

Theophil C. Kammholz, Gen. Counsel, Robert G. Johnson, Atty., N. L. R. B., Washington, D. C., for defendant.

BICKS, District Judge.

Pursuant to a consent agreement among plaintiff and representatives of District No. 15 of the International Association of Machinists, A. F. of L. (hereinafter called District 15), and Local 53, International Brotherhood of Boiler Makers, Iron Ship Builders, Blacksmiths, Forgers & Helpers, A. F. of L. (hereinafter called Local 53), the Regional Director of the National Labor Relations Board conducted a representation election under Section 9 of the Labor Management Relations Act, 29 U.S.C.A. § 159, on December 2, 1955. Ninety-one of plaintiff's employees were eligible to vote in the election. The voters were asked to indicate their choice of being represented in collective bargaining negotiations with their employer by either District 15 or Local 53 or by neither.

Eighty-nine ballots were cast—two eligible voters having failed to exercise their franchise. The tally of the ballots disclosed the following: one ballot was blank and therefore voided; no votes for Local 53, 44 for District 15 and 44 in favor of "neither".

On December 14, 1955, the defendant informed plaintiff that he proposed to conduct a "run-off" election under Section 102.62 of the Rules and Regulations of the Board and that the eligible voters would be asked to indicate their preference as between being represented by District 15 or not having a collective bargaining agent.

Following an unsuccessful petition to the National Labor Relations Board to direct the defendant not to proceed with the proposed run-off election, plaintiff instituted the suit at Bar.

*Sub judice* are two motions in said suit—one by the plaintiff to enjoin the holding of the run-off election, and a cross motion by the defendant to dismiss the complaint on the grounds that (a) the Court is without jurisdiction of the subject matter and (b) the complaint fails to state a claim upon which relief may be granted.

At the threshold we face the problem whether decisions of the National Labor Relations Board in representation proceedings under Section 9 (c) of the Act may be reviewed by the District Court. Plaintiff frankly concedes that as a general rule an aggrieved party may not challenge a certification or a certification proceeding under Section 9 except as prescribed in Sections 9(d) and 10 of the Act, 29 U.S.C.A. §§ 159(d), 160. Cf. Fitzgerald v. Douds, 2 Cir., 1948, 167 F.2d 714, and cases cited. It urges, however, that this general rule is subject to the exception that the District Court may entertain an independent suit to enjoin such proceedings when they deprive plaintiff of a constitutional right or are grounded on a regulation plainly beyond the authority vested in the agen-

cy by the statute, and there are no questions of fact which require the expertise of the agency. The view the Court takes of the merits of plaintiff's claims renders it unnecessary to explore the jurisdictional question, interesting as it may be.

Section 9, insofar as here pertinent, provides: "In any election where none of the choices on the ballot receives a majority, a run-off shall be conducted, the ballot providing for a selection between the two choices receiving the largest and second largest number of valid votes cast in the election." In this case, no party received the "largest" and the "second largest" number of votes. Therefore, plaintiff urges, this section is not sufficient warrant for applying to this case that portion of Regulation 102.62, 29 U.S.C.A.Appendix, which provides:

"(a) The regional director shall conduct a runoff election, without further order of the Board, when an election in which the ballot provided for not less than three choices (i. e., at least two representatives and 'neither') results in no choice receiving a majority of the valid ballots cast and no objections are filed as provided in § 102.61. * * *"

Plaintiff emphasizes the difference between the statutory provision for a run-off election between the two choices receiving the "largest" and "second largest" number of valid votes cast and the provision in Regulations for a run-off if "no choice receives a majority of the valid ballots cast." The variance, it is insisted, is an unauthorized deviation from the statute rendering the Regulations invalid and its attempted enforcement, the imposition of an unconstitutional burden. This contention was unsuccessfully urged on the Board in W. Shanhouse & Sons, Inc., 100 N.L.R.B. 605 (1952). While the interpretation of the Act by the Board is not controlling upon the Court, it is entitled to great weight especially so since Congress has entrusted the Board with wide discretion in matters relating to the establishment of procedures and safeguards necessary to insure fair and free choice of bargaining representatives. Cf. N. L. R. B. v. A. J. Tower Co., 1946, 329 U.S. 324, 67 S.Ct. 324, 91 L.Ed. 322. A construction of the Act which would tend to frustrate one of its principal objectives, the facilitation of collective bargaining between an employer and duly authorized representatives of his employees, should be avoided unless the clear language of the Act compels otherwise. It cannot be gainsaid but that the failure of two eligible employees to vote and the casting of a blank ballot by a third, may reflect uncertainty as between which of the two unions should be the bargaining agent rather than a desire to be represented by neither. Given the choice between being represented by a union or not being represented by a collective bargaining agent at all, these employees might well have chosen the former. The Regulation in proper implementation of the Statute, merely affords an opportunity to the employees to record their choice.

The variance between the Statute and the Regulation relied on by the plaintiff in support of its position is more apparent than real.

Accordingly, plaintiff's motion for a temporary injunction is denied. Defendant's motion to dismiss the complaint for failure to state a claim upon which relief may be granted is granted.