**MILLIS et al. v. INLAND EMPIRE DISTRICT COUNCIL, LUMBER AND SAWMILL WORKERS UNION, et al.**

No. 8746.

United States Court of Appeals
District of Columbia.

Argued June 13, 1944.

Decided July 24, 1944.

Writ of Certiorari Granted Dec. 4, 1944.

See 65 S.Ct. 269.

Mr. Charles F. McErlean, National Labor Relations Board, of Washington, D. C., with whom Messrs. Alvin J. Rockwell, General Counsel, and Malcolm F. Halliday, Associate General Counsel, both of the National Labor Relations Board, both of Washington, D. C., were on the brief, for appellants.

Mr. George E. Flood, member of the Bar of the Supreme Court of the State of Washington, of Seattle, Wash., pro hac vice, by special leave of Court, with whom Messrs. Joseph A. Padway and James A. Glenn, both of Washington, D. C., were on the brief, for appellees.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

Appellee unions ask a mandatory injunction requiring appellants, the members of the National Labor Relations Board, to set aside a certification, following an election, of the collective bargaining representatives of certain employees of Potlatch Forests, Inc., a large logging and lumbering concern in Idaho. The complaint also asks for a declaratory judgment that the certification is void. It attacks the sufficiency of the hearings which the Board held in connection with the election. It states that the employer has bargained with appellee unions in the past and will be deterred by the Board's certificate from doing so in the future, and asserts that this will cause irreparable injury to appellees. The District Court declined to dismiss the complaint on appellants' motion. We think this was error.

The National Labor Relations Act authorizes judicial review of the Board's certification if, but only if, the Board finds unfair labor practices and makes its certification the basis of an order with respect to such practices. §§ 9 (d), 10(c), 49 Stat. 453, 454, 29 U.S.C.A. §§ 159(d) 160(c). There is no such finding or order in this case. We think the statutory review is exclusive. In American Federation of Labor v. National Labor Relations Board, 308 U.S. 401, 412, 60 S.Ct. 300, 84 L.Ed. 347, the Supreme Court expressly reserved the question whether the Board's mere certification of collective bargaining representatives could be reviewed in a suit like the present one. But we think the question is now foreclosed by Switchmen's Union of North America v. National Mediation Board, 320 U.S. 297, 64 S.Ct. 95, which held that the District Court had no power to review a similar certification of the National Mediation

Board. Reilly v. Millis, —— U.S.App.D.C. ——, 144 F.2d 259; Cf. Employers Group of Motor Freight Carriers, Inc., v. National War Labor Board, —— U.S.App.D.C. ——, 143 F.2d 145.

Reversed.

GRONER, C. J. (dissenting).

The controversy here primarily concerns the employees of Potlatch Forests, Inc. That corporation is engaged in lumbering and sawmill operations in Idaho. It owns five plants, located miles apart, one at Lewiston, one at Coeur d'Alene, one at Potlatch, one at Boville and the other at Headquarters. Five labor unions, locals of the American Federation of Labor, had for years represented, respectively, the employees of these five operations.

In March, 1943, locals of the C. I. O. filed with the Labor Board petitions to be certified as the bargaining representative in three of the company's five plants. There was a hearing and the Board in July, 1943, found the units included inappropriate for collective bargaining and dismissed the petitions. A few days after dismissal the C. I. O. unions filed a new petition, requesting certification of the employees of all five operations in a single unit, and a month later followed this with a motion requesting that their petition be treated as an amendment to the former petitions, and that an order directing the holding of an election be entered by the Board. The Board, thereupon, without providing a hearing, and over the objection of the A. F. of L. unions, issued an order directing the holding of a general election. Accordingly an election was held, in which all present employees of all five plants, except certain excepted employees, voted, or might have voted, with the result that the C. I. O. secured the majority of those voting, which, it is claimed, however, was less than fifty per cent of those eligible to vote.

The complaint here alleges that—

"In said decision and direction of election, the Board acted arbitrarily and capriciously in that (a) the Board treated the petition in case numbered 19-R-1164 as an amendment to the petitions in said dismissed Cases numbered R-5373 and R-5374, and proceeded to a decision and direction of election without a hearing or notice of hearing, notwithstanding that such amendment introduced new and substantially different and inconsistent issues from those involved in the prior hearing held on May 14, 1943, in Cases numbered R-5373 and R-5374; (b) the Board failed and refused to grant a hearing on said new petition, contrary to the provisions of Section 9(c) of the National Labor Relations Act, and contrary to the provisions of Article III, Section 3 of the Rules and Regulations promulgated by the National Labor Relations Board, * * *."

Various other grounds are alleged tending to show capricious and arbitrary action on the part of the Board in the exclusion of certain classes of employees from the right to vote and in depriving of their votes several hundred temporary absentees in the military services, who, though absent for the time being, had retained full seniority rights.

The majority of this court now hold that the Labor Act does not authorize judicial review of the Board's certification where the Board has not followed its certification with an order, and hence that since here there was no order, the decision of the District Court sustaining its jurisdiction was wrong. The effect of this is, as it appears to me, to recognize a right on the part of the Board, when it likes and as it likes, by withholding its order, to determine the right of judicial review,— a position which I think is wholly wrong and untenable and neither more nor less than a usurpation of power.

I am by no means unmindful of the extent to which the Supreme Court has gone in denying review in cases under the Railway Labor Act,[1] but I am by no means persuaded that because of this the Supreme Court will, when properly confronted, go equally as far in its interpretation of the Wagner Act. At least in the one case in which the question arose the Court expressly reserved consideration. American Federation of Labor v. N. L. R. B., 308 U.S. 401, 412, 60 S.Ct. 300, 84 L.Ed. 347.

Here, as I have pointed out, appellees

[1] 45 U.S.C.A. § 151 et seq. Witness, for instance, Brotherhood of Railway & Steamship Clerks, etc., v. United Transport, Service Employees, 320 U.S. 715, 64 S.Ct. 260 (Id., App.D.C., 137 F.2d 817), where the effect of the rule was to force 45 negro station porters, against their protest, to accept representation by a white man's union from which they were excluded.

claim irreparable injury and a lack of due process as a consequence of the certification without a hearing. What support there is of this in the facts I have no means of knowing, but I think it is not an answer to the contention to say that Congress has denied to the courts of the country the right to examine and determine the validity of the charge; or, indeed, that Congress, constitutionally, may do so. It is quite true that in cases under the Railway Labor Act, the Court speaks of the "right" of an employee to choose his representative as a right created by Congress and, therefore, as a right which Congress having given, Congress may take away; and it may be that the same answer is applicable here, but I prefer that it should be declared by the Supreme Court rather than by this court. For I had always thought that the right of a man to labor and to enjoy the fruits of his labor was an inherent right—a natural prerogative,—which did not arise out of the concession of any State. I had considered it the foundation of all rights where liberty is recognized, and as a species of property which no law can restrict, save in those socialistic states where individual rights and liberties are unknown. If all of this be true, as I had thought was universally recognized, then—representation—the right to combine one's faculties with those of others and to profit by the combination —is just as incontestable and imprescriptible.

I am, therefore, unwilling to agree that this "right" and its concomitants are subject to the power of Congress or courts to grant or withhold. I think the District Court was correct in asserting jurisdiction.