**WHOLESALE AND WAREHOUSE WORKERS UNION, LOCAL 65, et al. v. DOUDS.**

**AMERICAN COMMUNICATIONS ASS'N, C. I. O. et al. v. DOUDS.**

District Court, S. D. New York.
June 29, 1948.

RIFKIND, District Judge, dissenting.

Neuburger, Shapiro, Rabinowitz & Boudin, of New York City (Victor Rabinowitz, Leonard B. Boudin and Belle Seligman, all of New York City, of counsel), for plaintiffs.

Robert N. Denham, Gen. Counsel, David P. Findling, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, Mozart G. Ratner and Norton J. Come, Attorneys of the National Labor Relations Board, all of Washington, D. C., for defendant.

Before SWAN, Circuit Judge, and COXE and RIFKIND, District Judges.

564

SWAN, Circuit Judge.

In case No. 1 the facts disclosed by the amended complaint and the supporting affidavits are as follows:

Local 65 is a local union affiliated with the United Retail Wholesale and Department Stores Employees of America, CIO. It has over 13,000 members in and about the City of New York, consisting of workers employed in warehouses, wholesale, processing, and distributing establishments. It has approximately 1,000 collective contracts with various employers throughout the city.

On or about July 8, 1947, Local 65 entered into an agreement with F. W. Woolworth Company, concerning employment conditions for the company's warehouse employees. That agreement expires on July 8, 1948. On May 20, 1948, Local 804 of the International Brotherhood of Teamsters and Chauffeurs, A.F. of L. filed with the National Labor Relations Board, a petition to be certified as the representative of the employees of Woolworth. Local 804 and Woolworth, with the approval of the defendant, thereupon entered into an agreement for the holding of a consent election.

Local 65 has complied with §§ 9(f) and (g) of the Taft-Hartley Act, but has not complied with § 9(h); nor can it comply because one of its officers is a member of the Communist Party. The defendant has refused plaintiff's demand for a hearing and has refused to allow plaintiff a place upon the ballot for the election to be held, solely on the ground that plaintiff has failed to file the affidavits required by § 9(h) of the Act. The election is to take place on June 30, 1948.

Local 65, its president, Arthur Osman, its vice-president, David Livingston, its secretary-treasurer, Jack Paley and Theodore Markowski, a member in good standing of Local 65, have brought this action to restrain the defendant individually and as regional director of the National Labor Relations Board from conducting the election, and have moved for an interlocutory injunction. The defendant has moved to dismiss the complaint for failure to state a cause of action.

In case No. 2 the facts are similar:

American Communications Association (for brevity called A.C.A.) is a national labor organization, affiliated with the CIO. On or about August 13, 1947, it entered into an agreement with Press Wireless, Inc., concerning employment conditions of the employees of the latter. The agreement provided that it should remain in effect until August 7, 1948, and thereafter from year to year unless notice in writing be given by either party of a desire to terminate the agreement, which notice must be given not less than sixty days prior to the end of any one year. No such notice was given by either of the parties.

In June of 1948, the Commercial Telegraphers Union, affiliated with the American Federation of Labor, filed a petition with the National Labor Relations Board, to be certified as the collective bargaining representative for the employees of Press Wireless. Like in case No. 1, an agreement between the employer and the rival union was made for the holding of a consent election, which was approved by the defendant. Plaintiff has had neither a hearing nor is it to have a place on the ballot. The defendant's refusal to grant plaintiff a hearing or a place on the ballot is based solely on the ground that plaintiff has not complied with the requirements of § 9(h) of the Act. The election is to be held between July 8 and July 23, 1948. The action is brought by A.C.A., two of its officers, and a member in good standing and the plaintiffs have moved for an interlocutory injunction. The defendant has made a cross-motion to dismiss the complaint.

Because of the short interval between the argument on the hearing and the time set for holding the election in case No. 1, it has been impossible to prepare an opinion which could discuss adequately the various legal issues presented for decision. But they are identical with issues considered at length in National Maritime Union of America v. Herzog, D.C., 78 F.Supp. 146, by the United States District Court of the District of Columbia, which the Supreme Court affirmed on June 21, 1948, 68 S.Ct. 1529, without, however, passing on the va-

lidity of § 9(h).[1] For the sake of expedition we shall content ourselves with referring to the National Maritime Union opinion for the reasoning which supports our decision.

We hold first, as did that court, that the individual plaintiffs have no standing to sue. We deny Local 65's motion for an interlocutory injunction. Two members of the court, Judge Rifkind disagreeing, entertain doubt whether irreparable injury will result to Local 65 from excluding its name from the ballot. Its members are entitled to vote at the election; if they constitute a majority of the employees in the collective bargaining unit, as they claim, it would seem that they can defeat the election of Local 804 and in that event the situation will remain legally exactly what it is now. But even if exclusion of Local 65 from the ballot is an adequate showing of irreparable injury, we all agree that competing equities of greater weight justify refusal of an interlocutory injunction. It is well established that when the right to an injunction is doubtful and the granting of a temporary injunction pending decision would work irreparable injury to a congressionally declared public policy, a court of equity will deny such relief. Dryfoos v. Edwards, S.D.N.Y., 284 F. 596, 603; Yakus v. United States, 321 U.S. 414, 441, 442, 64 S.Ct. 660, 88 L.Ed. 834.

Finally, we sustain the constitutionality of § 9(h) for the reasons set forth at length in the majority opinion in National Maritime Union v. Herzog, supra. Accordingly, the defendant's motion to dismiss the complaint is granted.

At the present time no order can be made in case No. 2. That case was brought on for argument with the other so speedily that there was no opportunity to give to the Attorney General the notice required by § 380a of the Judicial Code. Counsel for the plaintiffs proposed to attempt to procure a waiver of such notice by the Attorney General. In the event that such a waiver is hereafter filed, the case will be disposed of in conformity with the foregoing decision in case No. 1.

RIFKIND, District Judge (dissenting).

Insofar as Section 9(h) of the Taft-Hartley Act excludes from the facilities of the National Labor Relations Board any labor union, one of whose officers is a member of the Communist Party or affiliated therewith, it is incompatible with the First Amendment. It abridges the freedom of speech and the right of assembly without a showing of clear and present danger. Indeed, on the argument the defendant disavowed the presence of clear and present danger. I would deny defendant's motion to dismiss the complaint.