## FAY v. DOUDS.

United States District Court
S. D. New York.
July 2, 1948.

Frank Scheiner, and Morton Stavis, both of New York City, for plaintiff.

Mozart G. Ratner, and Morton J. Come, both of Washington, D. C., for defendant.

RIFKIND, District Judge.

The motion for reargument made by plaintiff calls to my attention the amendment of the complaint which raises the constitutional issue reserved in the opinion filed herein on June 14, 1948.

The question squarely presented on this motion for reargument is as follows: In denying a hearing to the plaintiff before ordering the election for an exclusive bargaining representative, did the defendant act in violation of and beyond the powers granted in Section 9(c) of the Labor-Management Relations Act of 1947, 29 U.S.C.A. § 159(c), and, if his action was within the terms of that statute, did his action invade the constitutional rights of the plaintiff?

The plaintiff contends that the denial of a hearing constitutes a denial of due process, Const.Amend. 5, that the statute requires a hearing, and that the action of the defendant, therefore, violates both the statute and the Constitution.

First, we are confronted with the issue of jurisdiction. I am of the opinion that the Court is endowed with jurisdiction to answer both branches of the question. Certainly the question of violation of due process is one which this Court has power to decide, as is acknowledged in Fitzgerald v. Douds, 2 Cir., 1948, 167 F.2d 714. The question of statutory construction I believe to be likewise within the competence of the District Court on an application for an injunction such as is pending in the instant case. Social Security Board v. Nierotko, 1946, 327 U.S. 358, 66 S.Ct. 637, 90 L.Ed. 718, 162 A.L.R. 1445; Stark v. Wickard, 1944, 321 U.S. 288, 64 S.Ct. 559, 88 L.Ed. 733; Federal Communications Commission v. Pottsville Broadcasting Co., 1940, 309 U.S. 134, 145, 60 S.Ct. 437, 84 L.Ed. 656.

I think the defendant has correctly construed Section 9(c) to deny plaintiff a hearing in the instant case. Plaintiff admittedly has not complied with Section 9(f) of the Act. Section 9(f) forbids the National Labor Relations Board to conduct a 9(c) investigation with respect to any question raised by a labor organization which has not filed the reports prescribed by 9(f). Under 9(c) the investigation precedes the hearing. Its purpose, manifestly, is to screen out frivolous applications and those beyond the Board's jurisdiction. The hearing is the device created for the ascertainment of the facts upon which administrative action is to be based. The investigation and the hearing are part of one fact finding enterprise. The Board, I believe, correctly read the statute to mean that no hearing need be had with respect to

584

any question which it is forbidden to investigate. The question of plaintiff's status is a question "raised" by the plaintiff. That question does not thrust itself into the Board's consciousness sua sponte. This is manifested in this very action where plaintiff is asserting that the defendant invaded its private rights and that it was denied access to a hearing at which it could vindicate them. In order to vindicate such rights it must "raise" questions concerning them. Plaintiff's brief in support of its motion for reargument contains what is probably an unconscious admission of this very fact. It says, "It should be clear that the issues which would be decided by the Board upon a hearing range over a wide field. They include such questions as whether an election should be held at all, as raised by Local 475 in this case, * * *" In other words, the posture of the case is this: Defendant, a rival union, and the employer have, in accordance with Section 9(c)(4), entered into a stipulation for a consent election. Plaintiff intervenes and desires to raise questions as to its status, as to the propriety of holding an election, and concerning the effectiveness of the contract between it and the employer to bar such an election. In order to do so, it necessarily raises questions. But Section 9(f) prohibits the Board from investigating questions "raised by a labor organization under subsection (c) of this section" if it has failed to comply with the provisions of Section 9(f).

It follows that plaintiff has, on the merits no lawful grievance, unless Section 9(f) is unconstitutional. That, however, has been determined against the plaintiff by the Supreme Court in National Maritime Union v. Herzog, 68 S.Ct. 1529. Indeed, that case goes a little further. While it does not involve, directly, the denial of a hearing under 9(c), its necessary implications are broad enough to encompass this as well. Had the Supreme Court construed 9(f) as insufficient to warrant denial of a place on the ballot to a non-complying union it would have reversed the decision below. And if 9(f) does justify exclusion from the ballot, I see no persuasive reason why it does not justify excluding it from the Board's facilities at the very threshold of the proceedings.

The motion for reargument is granted and, upon such reargument, I adhere to the original decision denying plaintiff's motion for a temporary injunction, and I modify that decision by granting defendant's motion to dismiss the complaint.