## WHITE v. DOUDS.

## RETAIL, WHOLESALE & DEPARTMENT STORE UNION et al. v. DOUDS.

District Court, S. D. New York.
Aug. 11, 1948.

Sidney Fox, of New York City, for Belle White.

Markewich, Rosenhaus & Markewich, of New York City, for Retail, Wholesale & Department Store Union, and Samuel Wolchok.

Arthur K. Garfinkel, Samuel Markewich and Poletti, Diamond, Freidin & Mackay, all of New York City (Jesse Freidin, of New York City, and Herbert Prashker of Brooklyn, of counsel), for Oppenheim Collins & Co., Inc., Intervenor.

Emil Schlesinger, of New York City, for Retail Clerks International Association, Intervenor.

David P. Findling, Associate General Counsel, of Washington, D. C. (Dominick L. Manoli and Norton J. Come, both of Washington, D. C., of counsel), for defendant.

RYAN, Judge.

Two separate suits have been brought arising from an order of the National Labor Relations Board (hereinafter referred to as the Board), directing that an election of a collective bargaining representative for employees of Oppenheim Collins & Co., Inc., (hereinafter referred to as the Company), be held on August 2, 1948.

One complaint is filed by Belle White. This plaintiff sues as an employee of the Company and as a "collective bargaining representative" alleged to have been "designated by a substantial number of her fellow employees."

The second complaint is filed by the Retail, Wholesale and Department Store Union (hereinafter referred to as the International), a labor organization and Samuel Wolchok, "as President thereof."

Both complaints seek identical relief and pray that a temporary and permanent injunction issue restraining the holding of the election, the tallying and announcement of the results and the issuance of any certification based thereon; they further ask that the Board be directed to hold a hearing under Section 9(c) of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 141 et seq., affording plaintiffs and "all other interested parties an opportunity to appear and participate in such hearing;" and that, in the event of the subsequent holding of an election, a judicial direction be made in each action that plaintiff's name be placed on the ballot.

The Company was under contract with Local 1250. Local 1250, a local union of the International was until July 31, 1948, the collective bargaining representative for employees of the Company and was so recognized by the Company and the Board.

Local 1250 has failed to comply with Section 9(f) of the Act.

In the early part of July, 1948, the Retail Clerks International Association (hereinafter referred to as the Association), filed a petition seeking its certification as bargaining representative. Thereafter, the Association and the Company by stipulation pursuant to Section 9(c)(4) waived the hearing required by Section 9(c) (1) for the purpose of a consent election. Upon this petition and stipulation, on July 25, 1948 the Board ordered an election to be held on July 29, 1948. On July 27, 1948, the attorney for plaintiff Belle White asked the Board that she be granted permission to "intervene." A hearing was held by the Board on that day; the attorney for plaintiff White attended, presented some cards signed by employees authorizing her to represent them and entered objection to the holding of the election. The election was then postponed indefinitely. Later, on July 29, 1948, the Board set the date of the election for August 2, 1948, having determined after investigation that Belle White was a "front" for the non-complying Local 1250.

It is complained that this investigation was "an ex parte inquiry without notice to the attorney for plaintiff" Belle White and that no opportunity was afforded either her or her attorney to examine and cross-examine witnesses.

An application was made by attorney for plaintiff White on July 30, 1948, for a temporary restraining order, in connection with the order to show cause which brings on this hearing for an injunction pendente lite. The temporary restraining order sought, staying the election ordered for August 2, 1948, was denied.

On August 2, 1948—the date of the election—the International filed its complaint and also applied for and was denied a temporary restraining order. It was granted an order to show cause similar to that issued to the other plaintiff. The International also alleges that it was designated "by a substantial number of the employees of the Company as their collective bargaining representative." These employees number 93, but it does not appear whether they are the same employees who are alleged to have designated Belle White.

Now, on the return of both orders to show cause the Company and the Association, who were not joined as parties to either suit, ask for an order permitting them to intervene as parties defendant.

On considering the merits of these applications we find that the election ordered by the Board for August 2, 1948 has in fact been held and that it is now a fait accompli. The employees of the Company were on that day presented with ballots prepared by the Board, in form substantially as follows—

"Do you wish to be represented for purposes of collective bargaining by Retail Clerks International Association, AFL.

| Yes | No |
|-----|-----|
| ☐ . | ☐ " |

The tally and canvas made by the Board of the ballots cast show the following:

| | |
|---|---|
| Approximate number of eligible voters— | 475 |
| Void ballots— | 2 |
| Votes for Retail Clerks International Association— | 276 |
| Votes against Retail Clerks International Association— | 108 |
| Ballot votes counted— | 384 |
| Challenged ballots— | 9 |
| Valid votes counted & ballots challenged— | 393 |

From this canvas it appears that of the valid votes cast the Association received approximately 72 percent. Weighing the number of votes cast in favor of it in conjunction with those eligible to vote, we find that the Association received a total of 58 percent of the total number of eligible voters. The Association has a real and substantial interest in the outcome of these suits.

The Act by Section 9(c) (1)-(B) grants to the employer the right to petition for an election of a collective bargaining representative, when one or more individuals or labor organizations presents a claim to be

recognized as such representative. That is the situation here present. The interest of the Company cannot be disputed.

The rights of both the Association and the Company would be affected by a judgment in these suits. Permitting them to intervene and be joined as parties defendant would neither unduly delay nor prejudice the adjudication of the rights of the original parties. No new or additional questions, either of law or fact, will result from such intervention.

Under Rule 24, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, anyone is entitled upon timely application to intervene as a matter of right—

"(a) * * * (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action * * *."

And, may be permitted to intervene—

"(b) * * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * *"

■ ■ The Association and the Company are permitted to intervene in both suits as a matter of right under Rule 24, supra; even in the absence of this right intervention would be permitted as a matter of discretion.

■■■■ We now consider the jurisdiction of this court over the matters pleaded. It was held in Fitzgerald v. Douds, 2 Cir., 1948, 167 F.2d 714, 716, that "Congress has dealt in section 9(d) with reviews of certification and 'decertification,' and has provided therein the only relief it means to grant on that subject." This ruling the district court is bound to accept, Fay v. Douds, 78 F.Supp. 703, Rifkind, J. Nor is the jurisdiction of the district court enlarged by the provisions of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq. Fay v. Douds, supra.

It is urged that jurisdiction attached in the instant case because plaintiffs have been denied the hearing required by Section 9(c) of the Act, and therefore have been denied due process in violation of the Fifth Amendment. Plaintiffs also argue that this court has jurisdiction because these suits involve questions of statutory construction.

■■■ The Board by Section 9(f) is forbidden from conducting an investigation under Section 9(c) with respect to any objection which might be raised by Local 1250. National Maritime Union v. Herzog, 68 S.Ct. 1529.

Plaintiff Belle White was and still is a member of Local 1250. She was at the time of filing of her petition with the Board, not only an active member of the Local, but also a shop steward and a member of the Grievance Committee. The Board found that she was a "front" for the Local. Since the latter was not entitled to a hearing under Section 9(c), the Board was justified in refusing her a hearing, in her attempt, on behalf of the Local, to evade the provisions of the Act and defeat its purpose.

Plaintiff International was and still is the parent organization of Local 1250, and the charter of the Local has not been revoked or suspended. The Board was justified in denying the International a hearing for substantially the same reasons it was justified in denying it to Belle White.

■■■ Moreover, as we read the provisions of Section 9(c) (1) we find that the Board is not required to hold hearings in connection with all petitions which may be filed under this section. The Act provides, first, that "the Board shall investigate such petition," and second, that only "if it has reasonable cause to believe that a question of representation affecting commerce exists" shall it hold a hearing upon due notice. Here, the Board did investigate the petitions and determined that there was no reasonable cause, cognizable under the terms of the Act (the consideration of which was not precluded by Section 9(f) of the Act), to believe that there was a question of representation affecting commerce. It follows that neither plaintiff was entitled to a hearing and neither was denied any right of hearing granted to it by statute.

■■■ The Board by denying to plaintiffs a hearing before ordering an election did not deprive them of due process. The de-

cision of the Supreme Court in the National Maritime Union case, supra, and the opinion of Judge Rifkind on the rehearing of Fay v. Douds, 79 F.Supp. 582, clearly indicate that there is no substance to plaintiffs' contention. In the Fay case, Judge Rifkind, after deciding that the Board properly construed Section 9(f) as permitting it to deny a hearing under Section 9(c) to a non-complying union concluded:

"It follows that plaintiff has, on the merits, no lawful grievance, unless Section 9(f) is unconstitutional. That, however, has been determined against the plaintiff by the Supreme Court in National Maritime Union v. Herzog, 68 S.Ct. 1529. Indeed, that case goes a little further. While it does not involve, directly, the denial of a hearing under 9(c), its necessary implications are broad enough to encompass this as well. Had the Supreme Court construed 9(f) as insufficient to warrant denial of a place on the ballot to a non-complying union it would have reversed the decision below. And if 9(f) does justify exclusion from the ballot, I see no persuasive reason why it does not justify excluding it from the Board's facilities at the very threshold of the proceedings." See also, Switchmen's Union v. National Mediation Board, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61; Fitzgerald v. Douds, supra.

■ Congress intended to leave representation matters entirely to the Board except as provided in Section 9(d) (E.G.H. Rep.No. 573, 74th Cong., 1st Sess., p. 14; H.Rep.No. 410, 80th Cong., 1st Sess., pp. 56-57). It has been uniformly held that, absent constitutional questions, district courts do not have jurisdiction to review Board action with respect to representation matters under Section 9 of the Act, even when they involve problems of statutory construction. Fitzgerald v. Douds, supra; Madden v. Brotherhood, 4 Cir., 147 F.2d 439, 158 A.L.R. 1330; Millis v. Inland Empire District Council, 79 U.S.App.Div. 214, 144 F.2d 539; A.F.L. v. N.L.R.B., 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347; Cf.Switchmen's Union v. National Mediation Board, supra. It might be observed, parenthetically, that the action of the Board was neither arbitrary nor capricious, but had ample and substantial evidence to support it.

■ We find, too, that plaintiffs are not entitled to judicial relief because their prescribed administrative remedies have not been exhausted. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 48-51, 58 S.Ct. 459, 82 L.Ed. 638; Newport News Shipbuilding & Dry Dock Co. v. Schauffler, 303 U.S. 54, 58 S.Ct. 466, 82 L.Ed. 646; Macauley v. Waterman Steamship Corp., 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839. Plaintiffs may obtain administrative review by the Board of the propriety of the Board's action in excluding them from the ballot. Under Section 203.61 they may file objections to the conduct of the election and thereby bring before the Board the question of their exclusion from the ballot. Plaintiffs have failed to exhaust these administrative remedies: the suits are prematurely brought.

■ It seems also that the members of the Board are indispensable parties, and plaintiffs have failed to join them. This same objection was considered in American Communications Ass'n C.I.O. v. Schauffler, D.C.E.D.Pa., 80 F.Supp. 400. That also was a suit to enjoin the Regional Director of the Board from proceeding with a representation election because plaintiff union had been excluded from the ballot. The court said at page 401 of 80 F.Supp.

"We are of the opinion that the members of the Board are indispensable parties and that the plaintiff's failure to join them as parties defendant is fatal to the instant action. Accordingly the motion to dismiss must be granted on this score.

'The decree sought by plaintiffs will, if issued, require the Board, the defendant's superior, to take action. This is evidenced if only by Section 9(c) (1). Accordingly the Board is an indispensable party and the rule as clarified in William v. Fanning, 1947, 332 U.S. 490, 68 S.Ct. 188, becomes applicable."

■ We find also that the plaintiff, Samuel Wolchok, has no capacity to sue. Wholesale Warehouse Workers Union v. Douds, D.C.S.D.N.Y.1948, 79 F.Supp. 563;

National Maritime Union v. Herzog, supra.

For the foregoing reasons, the applications for temporary injunctive relief are denied both plaintiffs and their complaints dismissed, without costs.