### WHITE et al. v. HERZOG et al.
#### Civ. A. No. 3724–48.

United States District Court
District of Columbia.
Sept. 28, 1948.

David Rein, of Greenberg, Forer & Rein, all of Washington, D.C., for plaintiffs.

David P. Findling, A. Norman Somers and Norton J. Cowe, all of Washington, D.C., for defendants.

TAMM, District Judge.

The matter before the Court arose on motion of plaintiffs for a preliminary injunction and on cross-motion of defendants to dismiss the complaint. The Court, having heard argument of counsel and duly considered the matter, makes the following

### Findings of Fact

1. Plaintiffs are and were at all times material hereto employees of Oppenheim Collins & Company, Inc. (hereinafter called the Company), a corporation which owns and operates a retail department store in New York, New York. Plaintiff Belle White brings the action because of her inability to have the defendants place her name upon a collective bargaining election ballot for an election conducted by the National Labor Relations Board and plaintiffs Dorothy Belgrade and Addie Cohen join Belle White as employees desiring plaintiff White to represent them for collective bargaining purposes.

2. Defendants are the Chairman and members of the National Labor Relations

Board (hereinafter called the Board), an agency of the United States Government established under the provisions of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. (hereinafter called the Act), and each of them has his principal place of business in Washington, D. C.

3. In July 1948, the Retail Clerks International Association, A. F. of L. (hereinafter called the Association), filed a petition with the Regional Director of the Board for the Second Region, seeking certification by the Board as the exclusive bargaining representative of the employees of the Company. Thereafter, on or about July 22, 1948, the Company and the Association, by stipulation, waived a formal hearing and agreed to the holding of a consent election to determine the exclusive bargaining representative of the employees of the Company.

4. Prior to the holding of said election and on July 27, 1948, plaintiff Belle White, through her attorney, advised the Regional Director of the National Labor Relations Board that she represented a substantial number of employees of the Company and asked that she be permitted to intervene in the proceeding initiated by the Association. Shortly thereafter, plaintiff White submitted to the Regional Director cards signed by approximately 25 percent of the employees of the Company which designated her as their bargaining representative. Plaintiff White also requested the Regional Director to hold a formal hearing in accordance with Section 9(c) of the Act.

5. The Regional Director thereupon postponed the consent election. Thereafter, the Regional Director ordered that the consent election be held on August 2, 1948.

6. On July 29, 1948, an agent of the Regional Director orally advised the attorney for plaintiff White that, on the basis of an administrative investigation conducted by the Regional Director, it had been determined that Plaintiff Belle White was acting as a "front" for Retail, Wholesale and Department Store Employees Union, Local 1250, which union had failed to comply with Sections 9(f), (g) and (h) of the Act, and that accordingly her name would not appear on the ballot in the scheduled election and her request for a hearing would be denied. Retail, Wholesale and Department Store Employees Union, has in fact failed to comply with Sections 9(f), (g) and (h) of the Act and is not eligible for participation in collective bargaining elections under the Act.

7. On August 2, 1948, the consent election was held as scheduled, with only the Association on the ballot. The Association received a majority of the votes cast at said election.

8. On August 7, 1948, plaintiff White filed with the Regional Director objections to the conduct of the election, in which she denied that she was a "front" for Local 1250.

9. As appears from "Decision and Certification of Representatives", issued by the Board on September 1, 1948, in Matter of Oppenheim Collins & Co. Board Case No. 2-RC-562, reported in 79 N.L. R.B., No. 59, 22 L.R.R.M. 1402:

(a) On August 11, 1948, the Regional Director issued a Report on Objections, in which he refused to consider the merits of plaintiff White's objections on the ground that she had properly been denied leave to intervene and therefore did not have standing to file objections. In support of the conclusion that plaintiff White was a "front" for local 1250 and was therefore properly denied leave to intervene, the Regional Director set forth in said report the following facts which had been determined in the administrative investigation previously conducted by him:

(1) Plaintiff White has been an active member of Local 1250 and a member of its negotiating committee;

(2) The authorization cards submitted by her were signed in an office used by Local 1250 upon the request of its officials;

(3) The employees who signed such cards believed that plaintiff White and Local 1250 were in effect one and the same.

(b) Thereafter, plaintiff White filed with the Board exceptions to the Regional Director's Report.

(c) On September 1, 1948, the Board, on the basis of the record in the case, dismissed the exceptions of plaintiff White and certified the Association as the exclusive bargaining representative of the employees of the Company. The Board found that plaintiff White had not excepted to the administrative determinations of the Regional Director that she was an official of Local 1250 and she used an office room of Local 1250 at the request of its officers for the purpose of soliciting employees of the Company to sign cards designating her as their bargaining representative. Upon the basis of these uncontested findings of fact administratively determined by the Regional Director, the Board concluded that the Regional Director properly found that plaintiff White was in fact a "front" for local 1250 and therefore properly denied her motion to intervene and to be placed on the ballot.

10. In the proceedings now before this Court, plaintiff Belle White denies that she was acting on behalf of or as a "front" for Local 1250. On oral argument, counsel for plaintiff White denied that she used the office of Local 1250 for obtaining signatures upon authorization cards.

11. Plaintiff Belle White had previously brought an action in the United States District Court for the Southern District of New York against Charles T. Douds, Regional Director of the Board, arising out of the same basic set of facts. In this earlier action, decided by Judge Sylvester J. Ryan on August 11, 1948, 80 F.Supp. 402 plaintiff White sought a temporary and permanent injunction restraining the holding of the election in dispute; the tallying and announcement of the results and the issuance of any certificate thereon. The plaintiff's petition further asked the Court to direct the Board to hold a hearing under Section 9(c) of the Labor Management Act, affording plaintiff "and all others interested parties an opportunity to appear and participate in such hearing" and that in the event of the subsequent holding of an election a judicial direction be made in each action that plaintiff's name be placed on the ballot. The Retail, Wholesale and Department Store Union, Local 1250, a non-complying union filed a similar complaint seeking identical relief and both cases were disposed of by Judge Ryan in a single decision dated August 11, 1948. Judge Ryan in dismissing both actions by denying the applications for injunctive relief found that:

"Local 1250 has failed to comply with Section 9(f) of the Act."

The association and the Company by stipulation pursuant to Section 9(c) (4) of the Act agreed to a consent election to be held on July 29, 1948; on July 27, 1948 the attorney for plaintiff Belle White asked the Board that she be granted permission to "intervene"; a hearing was held by the board on that date, the attorney for plaintiff Belle White attended and presented some cards signed by employees authorizing her to represent them and entered objection to the holding of the election. The election was postponed, later reset for August 2nd, the Board "having determined after investigation that Belle White was a 'front' for the non-complying Local 1250."

The Court in its opinion stated that plaintiff Belle White was and still is a member of Local 1250; that she was at the time of the filing of her petition with the Board not only an active member of the Local but was also a shop steward and a member of the Grievance Committee; that the Board found that she was a "front" for the Local and that since the latter was not entitled to a hearing under Section 9(c) of the Act the Board was justified in refusing her a hearing "in her attempt, on behalf of the Local, to evade the provisions of the Act and defeat its purposes."

The Court in the course of its opinion, in commenting on the Board's action stated: "It might be observed, parenthetically, that the action of the Board was neither arbitrary nor capricious, but had ample and substantial evidence to support it."

12. Any rights of the plaintiffs, Dorothy Belgrade and Addie Cohen, in this proceeding arise from and flow through any right on the part of plaintiff Belle

White to maintain this action and if the finding is against plaintiff Belle White it, per se, negatives any basis for action on the part of the other plaintiffs.

### Conclusions of Law

■ The Court is without jurisdiction of the subject matter, in the absence of a constitutional question.

The United States Court of Appeals for the District of Columbia in the case of Millis et al. v. Inland Empire District Council, Lumber and Sawmill Workers Union, et al., 79 U.S.App.D.C. 214, 144 F.2d 539 held: "The National Labor Relations Act authorizes judicial review of the Board's certification if, but only if, the Board finds unfair labor practices and makes its certification the basis of an order with respect to such practices. §§ 9(d), 10(c), 49 Stat. 453, 454, 29 U.S.C.A. §§ 159(d) 160(c). * * * We think the statutory review is exclusive. In American Federation of Labor v. National Labor Relations Board, 308 U.S. 401 [402], 412, 60 S.Ct. 300, 84 L.Ed. 347, the Supreme Court expressly reserved the question whether the Board's mere certification of collective bargaining representatives could be reviewed in a suit like the present one. But we think the question is now foreclosed by Switchmen's Union of North America v. National Mediation Board, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61, which held that the District Court had no power to review a similar certification of the National Mediation Board. Reilly v. Millis, 79 U.S.App.D.C. 171, 144 F.2d 259; Cf. Employers Group of Motor Freight Carriers, Inc., v. National War Labor Board, 79 U.S.App.D.C. 105, 143 F.2d 145."

In the current case, there being no finding by the Board of unfair labor practice, which is the basis for the certification by the Board, there is no judicial authority in the District Court to review the proceedings in the absence of some showing of a constitutional question. Other cases supporting this conclusion include: Fitzgerald v. Douds, 2 Cir., 167 F.2d 714; Madden v. Brotherhood and Union of Transit Emp., 4 Cir., 147 F.2d 439, 158 A. L.R. 1330; Reilly v. Millis, 79 App. D.C. 171, 144 F.2d 295, certiorari denied, 325 U.S. 879, 65 S.Ct. 1566, 89 L.Ed. 1995; National Maritime Union of America v. Herzog, 334 U.S. 854, 68 S.Ct. 1529; Switchmen's Union of North America v. National Mediation Board, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61.

■ The action of the Regional Director of the Board in not holding a hearing after investigation of plaintiff Belle White's petition to intervene in the collective bargaining election does not violate any constitutional right of the plaintiffs.

Section 9(c) of the Act, T. 29 U.S.C.A. § 159(c) provides:

"Hearings on questions affecting commerce; rules and regulations.

"(c) (1) Whenever a petition shall have been filed, in accordance with such regulations as may be prescribed by the Board—

"(A) by an employee or group of employees or any individual or labor organization acting in their behalf alleging that a substantial number of employees (i) wish to be represented for collective bargaining and that their employer declines to recognize their representative as the representative defined in subsection (a) of this section, or (ii) assert that the individual or labor organization, which has been certified or is being currently recognized by their employer as the bargaining representative, is no longer a representative as defined in subsection (a) of this section; or

"(B) by an employer, alleging that one or more individuals or labor organizations have presented to him a claim to be recognized as the representative defined in subsection (a) of this section; "the Board shall investigate such petition and if it has reasonable cause to believe that a question of representation affecting commerce exists shall provide for an appropriate hearing upon due notice. * * *"

The Act provides, as quoted, first that "the Board shall investigate such petition" and second that only "if it has reasonable cause to believe that a question of representation affecting commerce exists" shall hold a hearing upon due notice. Here the Board did investigate the petitions and determined that there was no reason-

able cause recogizable under the terms of the Act (the consideration of which was not precluded by Section 9(f) of the Act) to believe that there was a question of representation affecting commerce. As previously set forth, there is no showing that the action of the Board in reaching this conclusion was arbitrary but, on the contrary, in the earlier action in the Southern District of New York, the Court found that the Board's action was "neither arbitrary nor capricious, but had ample and substantial evidence to support it."

The holding of a hearing is not, per se, a condition precedent to guaranteeing the constitutionality of administrative action. The Courts have recognized and sustained Congressional authority to empower and authorize administrative agencies to exercise proper discretion in functional and operational matters, without mandatory requirements for hearing in all cases. The Supreme Court in Gray v. Powell, 314 U.S. 402, 62 S.Ct. 326, 333, 86 L.Ed. 301, points out that "Where as here a determination has been left to an administrative body, this delegation will be respected and the administrative conclusion left untouched. Certainly a finding on Congressional reference that an admittedly constitutional act is applicable to a particular situation does not require such further scrutiny. * * * It is not the province of a court to absorb the administrative functions to such an extent that the executive or legislative agencies become mere fact finding bodies deprived of the advantages of prompt and definite action."

The Board in the current situation exercised in a proper manner authority conferred on it by the Congress and took thereupon "definite action which did not contravene any constitutional right" of the plaintiffs.

Other cases supporting the conclusion that the constitutional guarantees of due process were not denied plaintiffs include: Switchmen's Union of North America v. National Mediation Board, supra; Buttfield v. Stranahan, 192 U.S. 470, 24 S.Ct. 349, 48 L.Ed. 525; Nishimura Ekiu v. United States, 142 U.S. 651, 12 S.Ct. 336, 35 L.Ed. 1146; United States v. Babcock,

250 U.S. 328, 39 S.Ct. 464, 63 L.Ed. 1011; National Maritime Union of America v. Herzog, 334 U.S. 854, 68 S.Ct. 1529.

The provisions of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., do not afford the plaintiffs the right of judicial review under the circumstances of this case.

Section 1009 of the Administrative procedure Act under the heading "Judicial review of agency action" provides for the right of judicial review "Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion."

The conclusions of law set out heretofore and particularly the decision of the United States Court of Appeals for the District of Columbia in the Millis case, supra, providing that "statutory review is exclusive" clearly bring the current case within the exception stated.

In the light of the foregoing conclusions, the injunctive relief is denied and the complaint dismissed.