NATIONAL LABOR RELATIONS BOARD v. HOUSTON & NORTH TEXAS MOTOR FREIGHT LINES, Inc.

No. 13457.

United States Court of Appeals
Fifth Circuit.

Dec. 28, 1951.

Rehearing Denied Jan. 12, 1952.

Joseph A. Jenkins, Atty. NLRB, Fort Worth, Tex., A. Norman Somers, Asst. Gen. Cnsl. NLRB, David P. Findling, Assoc. Gen. Cnsl. NLRB, Washington, D. C., for petitioner.

Sam R. Sayers, Fort Worth, Tex., Carl L. Phinney, Dallas, Tex., for respondent.

Before HUTCHESON, Chief Judge, and BORAH and STRUM, Circuit Judges.

JOSEPH C. HUTCHESON, Chief Judge.

Upon findings[1] that, in violation of Secs. 8(a) (1, 3, 5) of the National Labor Relations Act, as amended, 29 U.S.C.A. § 158(a) (1, 3, 5), respondent had refused to bargain collectively with Local Union No. 745, International Board of Teamsters, A. F. of L., and had discriminatorily discharged certain named employees, and otherwise discouraged membership in the union, the Board ordered it: (1) to cease and desist from these practices; and (2)(a) to bargain collectively with the union, and (b) to offer reinstatement to, and make whole, the six named employees.

Respondent failing to comply therewith, the Board is here, by petition, suing for the enforcement of the order and, by brief and oral argument, insisting that the record fully supports it.

The respondent on its part, while insisting that the findings are wholly erroneous and that the order should not be enforced, devotes the major portion of its brief and argument not to supporting this denial but to other matters preliminary to a consideration of the merits.

These consist in attacks upon the conduct of the proceedings by and before the board[2] and its contention that, because the Board arbitrarily dismissed its petition and charge in representation cause No. 16-RM-8, the record in the case brought to this court is incomplete and, because it is, this court is without jurisdiction to proceed further herein.

For the reasons hereafter briefly stated, we reject these contentions as without foundation in law or in fact.

Respondent cites no case, we know of none, supporting its contention that the action of the Board in dismissing the representation proceeding was unauthorized or that the failure to conduct that proceeding to a finality deprived this court of jurisdiction to hear this petition for enforcement of the Board's order entered in cause No. 16-CA-83.

On the contrary, we think it plain, under the decisions, that the action of the Board was well within its discretion.[3] When the Board dismissed respondent's representation proceeding, it made no certification of any facts and obviously the order in the instant case is in no way based upon any facts certified in any section 9(c) proceeding. There is, therefore, nothing concerning the representation proceeding properly before this court.[4]

As to the second point, it is quite plain that, whatever fault, if any, there was, in the conduct of the counsel for the union, this was a mere matter of Board procedure which did not go to the substance of the hearing or which presents any matter for consideration by us.

As to the third point, the disqualification for unfairness of the examiner, this complaint was made before the Board and upon precise consideration was rejected by it.

We agree with the Board that the record does not support respondent's claim of bias and prejudice in the examiner sufficient to affect the hearing. This court has put itself fully upon record upon the

---

1. 88 N.L.R.B. 1462.

2. These in substance are: (1) The Board acted arbitrarily and capriciously in dismissing respondent's petition and charges in case No. 16-RM-8, and proceeding to hear and determine in case No. 16-CA-83, issues of representation which should have been tried in 16-RM-8; (2) In permitting and approving of the acts and conduct of the attorney for the union in assuming the management and trial before the examiner; (3) That the examiner was not qualified to act as trial examiner, his official acts in the record clearly showing that he was biased in favor of union and board and prejudiced against respondent; (4) The charge and amended charge and the affidavit thereto are invalid because not sworn to and executed as required by law and the rules and regulations of the Board.

3. Southern Steamship Co. v. N.L.R.B., 316 U.S. 31, 62 S.Ct. 886, 86 L.Ed. 1246; N.L.R.B. v. A. J. Tower Co., 329 U.S. 324, 67 S.Ct. 324, 91 L.Ed. 322.

4. Big Lake Oil Co. v. N.L.R.B., 5 Cir., 146 F.2d 967; Cupples Co. Manufacturers v. N.L.R.B., 8 Cir., 103 F.2d 953; Fitzgerald v. Douds, 2 Cir., 167 F.2d 714; N.L.R.B. v. International Brotherhood of Electrical Workers, 308 U.S. 413, 60 S.Ct. 306, 84 L.Ed. 354.

proposition that where the proceedings are conducted by the examiner with such bias and unfairness as to amount to an unfair trial, findings and an order based upon such hearing may not stand. N.L.R.B. v. Phelps, 5 Cir., 136 F.2d 562, 563. There, citing many cases, we said: "Nor will the fact that an examination of the record shows that there was evidence which would support the judgment, at all save a trial from the charge of unfairness, for when the fault of bias and prejudice in a judge first rears its ugly head, its effect remains throughout the whole proceeding. Once partiality appears, and particularly when, though challenged, it is unrelieved against, it taints and vitiates all of the proceedings, and no judgment based upon them may stand." Cf. N.L.R.B. v. Western Cartridge Co., 2 Cir., 138 F.2d 551.

It has also put itself up on record as holding that the mere fact that an examiner uniformly credited the witnesses of the Board and discredited those of respondent is not sufficient evidence of such prejudice, nor is it a sufficient basis for the claim that the trial was unfair. N.L.R.B. v. Robbins Tire & Rubber Co., 5 Cir., 161 F.2d 798, at page 800.

Compare what is said in National Labor Relations Board v. Pittsburgh S. S. Co., 337 U.S. 656, 658, 69 S.Ct. 1283, 1285, 93 L.Ed. 1602, reversing the opinion of the Circuit Court of Appeals, 6 Cir., 167 F.2d 126, which had held that "unvarying repudiation of every witness for the petitioner because of falsity, evasion or faint recollection, along with the consistent exaltation of every union witness as truthful, forthright and accurate, destroys completely any confidence that might otherwise be placed in the findings of the trial examiner and stamp[s] them as arbitrary." There the Supreme Court, rejecting "the court's conclusion that an objective finder of fact could not resolve all factual conflicts arising in a legal proceeding in favor of one litigant", went on to say:

"* * * total rejection of an opposed view cannot of itself impugn the integrity or competence of a trier of fact. The gist of the matter has been put well by the Court of Appeals for the Fifth Circuit,

speaking through Judge Hutcheson, in granting enforcement of an N.L.R.B. order [in N.L.R.B. v. Robbins Tire & Rubber Co., 161 F.2d 798]:

"'The fact alone * * * of which Respondent makes so much, that Examiner and Board uniformly credited the Board's witnesses and as uniformly discredited those of the Respondent, though the Board's witnesses were few and the Respondent's witnesses were many, would not furnish a basis for a finding by us that such a bias or partiality existed and therefore the hearings were unfair. Unless the credited evidence * * * carries its own death wound, that is, is incredible and therefore, cannot in law be credited, and the discredited evidence * * * carries its own irrefutable truth, that is, is of such nature that it cannot in law be discredited, we cannot determine that to credit the one and discredit the other is an evidence of bias.'"

The record, viewed as a whole, fails to make out a case of unfair trial by the examiner.

Upon Respondent's final procedural point against the form of the charge and the affidavit, it is sufficient, in support of our rejection of it, to refer to the decision of this court in N.L.R.B. v. Red Arrow Freight Lines, 5 Cir., 180 F.2d 585.

These preliminary matters disposed of, and the merits reached, we find no better taken, respondent's position, that the Board's findings that it refused to bargain with, and took other action with the purpose and intention to discourage membership in, the union, were clearly erroneous.

From the opening statement in respondent's brief: "This case arose primarily out of an attempt on the part of the A. F. of L. Union to organize the office employees at the Dallas terminal, which resulted in a strike (July 6, 1948), an injunction by the Trial Court removing the picket-line and an affirmance of said Restraining Order by the Supreme Court of Texas; the filing of a Petition by Respondent (July 6, 1948) with the Regional Director of the Board for an election to determine the authority of the Union to represent said employees

and for a determination of the question of whether or not the employees involved constituted 'an appropriate unit for bargaining purposes'; the filing on July 12, 1948, of charges, by the Union with the Regional Director; the arbitrary refusal of the Regional Director and Board to hear and determine the issues contained in the Petition and charges filed by Respondent in Case No. 16–RM–8 and the hearing of the charges filed by the Union in Case No. 16–CA–83." it clearly appears that the respondent was, and is, hostile to the union, was and is, vigorously opposed to its employees being organized, and that it did what it could to prevent that organization. This is not to say that the action of Dixon, Secretary-Treasurer and business manager of the union, in calling a strike, was or was not justified or that he did or did not represent a majority of respondent's employees, as he claimed he did. It is, though, to hold that the record makes crystal clear: that in this campaign to organize the union the employer was set against it; and that every equivocal act that was done may be properly viewed in the light of respondent's animus toward the effort to organize its men. N.L.R.B. v. Robbins Tire & Rubber Co., 5 Cir., 161 F.2d 798.

So viewed, we are in no doubt that this court cannot say that the board's findings, that the respondent refused to recognize the union and was opposed to the members who had gone out on strike coming back to work, are clearly erroneous. On the contrary, we think these findings find full support in the evidence.

As to the employees whose reinstatement is ordered, we think the evidence amply supports its findings as to the discharge of its employees, Chilton and Cosby.

As to the employees the company is charged with refusing to reinstate, while, considered as of first impression, the matter is debatable, we cannot, except as to the employee Teague, say that the findings are clearly erroneous.

As to Teague, however, we think it plain that the order is not supported. Enforce-ment of the order as to Teague is, therefore, denied. Except as to Teague, the order of the board will be enforced as written.