## NATIONAL LABOR RELATIONS BOARD v. OZARK HARDWOOD CO.

### No. 14339.

United States Court of Appeals
Eighth Circuit.

March 7, 1952.

See also 8 Cir., 188 F.2d 345.

Richard C. Keenan, Chief Law Officer for the 15th Region, National Labor Relations Board, New Orleans, La. (George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, and Frederick U. Reel and Alvin Gallen, attorneys, National Labor Relations Board, all of Washington, D. C., on the brief), for petitioner.

George O. Patterson, Clarksville, Ark., and J. M. Smallwood, Russelville, Ark., for respondent.

Before SANBORN, JOHNSEN and RIDDICK, Circuit Judges.

JOHNSEN, Circuit Judge.

The National Labor Relations Board has petitioned for enforcement of an order, 91 NLRB No. 224, made by it under the provisions of the National Labor Relations Act, as amended, 61 Stat. 136, 29 U.S.C.A. § 151 et seq., against Ozark Hardwood Company.

Enforcement is resisted on the grounds that the findings and order of the Board are not supported by substantial evidence on a consideration of the record as a whole, and that in any event the affirmative requirements of the order are improperly made to run against any "successors and assigns" of respondent.

Respondent was engaged in producing lumber products for interstate commerce at Clarksville, Arkansas, and had at the time of the incidents here involved approximately 100 employees. The area was primarily rural in nature, and labor in it had been unorganized. In April 1949, an effort was begun to unionize respondent's plant.

The Board found that respondent, in an attempt to thwart this unionization, had been guilty of unlawful efforts to interfere with and coerce its employees in their right of self-organization, and of discriminatory discharges for union activity and other proper concerted activities of mutual aid and protection, in violation of § 8(a) (1) and (3) of the Act, 29 U.S.C.A. § 158(a) (1) and (3).

The improper discharges found by the Board to have been made totalled 28 in number, all of which had occurred on a single day, May 16, 1949, in a series of three events. Respondent's contention was that none of these 28 separations had involved discharges, except one; that this single discharge had been made for incompetence; that two of the other separations were mere lay-offs, in proper reduction of respondent's force because of business conditions; and that the other 25 employees, whose separation had occurred in a group or mass, had not been fired but had quit of their own accord, or, if there was room to view them as having been fired, the discharges were justified for violation of company rules.

The order issued was one to cease and desist, offer reinstatement, make whole for any loss of pay suffered, and post the usual notices. In form, it was made to run against respondent, "its officers, agents, successors, and assigns."

A careful reading of the entire record, with a conscientious consideration of the evidence in its over-all perspective, does not enable us to say that the Board's controlling findings are without substantial evidence to support them. Contrary views and appraisals, of some of the incidents of the situation at least, might well have been reached, but that does not entitle us to overthrow the Board's decision. Under the provisions of the Administrative Procedure Act, 5 U.S.C.A. § 1009(e), and the Taft-Hartley Act, 29 U.S.C.A. § 160(e), we may not "displace the Board's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 488, 71 S.Ct. 456, 465, 95 L.Ed. 456. We are only authorized to set aside an order of the Board on evidentiary grounds, where, with a measured and not strained sense of judicial responsibility, we "cannot conscientiously find that the evidence supporting that decision is substantial, when viewed in the light that the record in its entirety furnishes, including the body of evidence opposed to the Board's view." Ibid. The record in the present case does not leave us with any such clear, necessary judicial conviction.

As to respondent's further contention, that in any event the words "successors and assigns" should be deleted from the Board's order, we think Regal Knitwear Co. v. National Labor Relations Board, 324 U.S. 9, 10, 11, 65 S.Ct. 478, 89 L.Ed. 661, is a sufficient answer. See also Southport Petroleum Co. v. National Labor Relations Board, 315 U.S. 100, 106, 62

S.Ct. 452, 86 L.Ed. 718; National Labor Relations Board v. Gluek Brewing Co., 8 Cir., 144 F.2d 847, 857. The use of these words, in their abstract scope and without relationship in the record to any special evidentiary situation before the Board, does not give rise to any liability which would not legally exist without them. National Labor Relations Board v. Blackstone Mfg., Co., 2 Cir., 123 F.2d 633, 635. They serve simply to afford a facilitative reach for enforcement in a situation where a legal responsibility otherwise exists. They do not, as Regal Knitwear, supra, makes clear, extend injunctive force, either preventive or mandatory, to the Board's order beyond the scope of Rule 65(d), Federal Rules of Civil Procedure, 28 U.S.C.A. Or, as we put it in Gluek Brewing, supra, they do not make possible any punishment of the innocent in contempt.

Respondent has stated in its brief that, since the entry of the Board's order, its plant has been sold in foreclosure proceedings. But this naked fact alone does not give its contention as to the words "successors and assigns" any more concreteness of appeal, for we do not know who the purchaser is, what operations the purchaser intends to carry on, or what the basis of relationship involved may be. Nor are these facts matters about which we need have any present concern.

An order of enforcement is entitled to issue, in accordance with the Board's request.