## COCA–COLA BOTTLING CO. OF ST. LOUIS v. NATIONAL LABOR RELATIONS BOARD.

No. 14414.

United States Court of Appeals
Eighth Circuit.

April 29, 1952.

Rehearing Denied May 27, 1952.

Harold A. Thomas, Jr., St. Louis, Mo. (N. W. Hartman and Fordyce, Mayne, Hartman, Renard & Stribling, St. Louis, Mo., were with him on the brief) for petitioner.

Arnold Ordman, Atty., National Labor Relations Board, Washington, D. C.

(George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, and Ruth Calvin Goldman, Atty., National Labor Relations Board, Washington, D. C., on the brief), for respondent.

Before SANBORN, JOHNSEN, and COLLET, Circuit Judges.

SANBORN, Circuit Judge.

This is a petition to review and set aside an order of the National Labor Relations Board. The Board in its answer to the petition asks that its order be enforced.

The Board found that, by interrogation, threats and promises of benefits, the petitioner had, during the time when a campaign was being conducted to unionize its employees, interfered with, restrained, and coerced them, in violation of § 8(a) (1) of the National Labor Relations Act, as amended, 61 Stat. 136, 29 U.S.C.A. § 151 et seq.; and had discriminatorily discharged or demoted eleven employees because of their union activities, in violation of § 8(a) (1) and (3) of the Act, 29 U.S.C.A. § 158(a) (1) and (3).

The order under review requires the petitioner to cease and desist from the unfair labor practices found to have been indulged in, and from in any manner interfering with, restraining or coercing its employees in the exercise of the rights guaranteed them by § 7 of the Act, 29 U.S.C.A., § 157; to reinstate and make whole for loss of pay the employees who were found to have been discriminatorily discharged or demoted, and to make available to the Board the records necessary to analyze the amounts of back pay due these employees and their rights of reinstatement; to notify the Union that certain letters sent to it, which were signed by fourteen employees and which purported to revoke the authority of the Union to represent them, were obtained by petitioner through "threats and coercion"; and to post the usual notices of compliance.

The petitioner asserts that the Board's order should be reversed because: (1) the order and the findings upon which it is based are not "supported by substantial evidence on the record considered as a whole" within the meaning of 29 U.S.C.A. § 160(e), as construed by the Supreme Court in Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456; (2) the action of the Board was arbitrary, the Trial Examiner and the Board having ignored and discredited the evidence of the petitioner's witnesses and credited only the evidence of adverse witnesses; (3) the Trial Examiner during the hearing erroneously permitted the General Counsel of the Board to amend the complaints by alleging that the petitioner had discriminatorily demoted four employees who were not referred to therein.

■ We shall consider these assertions in their inverse order. The amendments of which the petitioner complains did nothing more than conform the pleadings to the proof. Counsel stipulated that the individuals referred to in the amendments, when they returned to work after a strike called on April 13, 1950 (which the Board found to have been caused by the unfair labor practices of petitioner), were not restored at once to the positions they formerly occupied. We think the allowance of the amendments was not prejudicial error. National Labor Relations Board v. Mackay Radio & Telegraph Co., 304 U.S. 333, 349–350, 58 S.Ct. 904, 82 L.Ed. 1381; National Labor Relations Board v. Kobritz, 1 Cir., 193 F.2d 8, 16. If the petitioner had been, because of the amendments, prevented from introducing material evidence at the hearing before the Board, the petitioner could have applied to this Court for an order directing the Board to take such evidence. 29 U.S.C.A. § 160(e); Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197, 226, 59 S.Ct. 206, 83 L.Ed. 126.

■ The only basis we find in the record for the assertion that the Trial Examiner or the Board was arbitrary or biased is that conflicts in the evidence or the inferences to be drawn from the evidence were resolved in favor of the General Counsel of the Board rather than in favor of the petitioner. That is not enough to justify

setting aside the findings or order of the Board. See and compare, National Labor Relations Board v. Houston & North Texas Motor Freight Lines, Inc., 5 Cir., 193 F.2d 394, 396–397.

■ In reviewing the sufficiency of the evidence to support the findings of the Board, we have read and considered the entire record, and have applied the same standards which this Court applied in the recent case of National Labor Relations Board v. Ozark Hardwood Co., 8 Cir., 194 F.2d 963. We have reached the same conclusion that was expressed in that case, namely, that "a conscientious consideration of the evidence in its over-all perspective, does not enable us to say that the Board's controlling findings are without substantial evidence to support them." See and compare, National Labor Relations Board v. Jamestown Veneer & Plywood Corp., 2 Cir., 194 F.2d 192, 193; National Labor Relations Board v. Somerville Buick, Inc., 1 Cir., 194 F.2d 56, 57–58; Southern Furniture Mfg. Co. v. National Labor Relations Board, 5 Cir., 194 F.2d 59, 61–62; Stokely Food, Inc. v. National Labor Relations Board, 5 Cir., 193 F.2d 736, 738; National Labor Relations Board v. Somerset Classics, Inc., 2 Cir., 193 F.2d 613, 614–615; National Labor Relations Board v. Kobritz, 1 Cir., 193 F.2d 8, 16; National Labor Relations Board v. State Center Warehouse & Cold Storage Co., 9 Cir., 193 F.2d 156.[1]

The evidence in support of the Board's findings tended to show that during the campaign to unionize the employees of the petitioner, which commenced in the latter part of March, 1950, officers and supervisors of the petitioner interrogated its employees as to their union affiliations, and made threatening remarks; that shortly after the campaign started, eight employees who were active in their support of the Union were discharged without any definite or satisfactory reasons being given for such action; and that a wage increase was promised at a crucial point in the campaign and was later put into effect. The evidence of the petitioner indicated that it had no hostility toward the Union; that there had been no interrogation of employees relative to their union affiliations or activities, and no threats; that the discharge of the eight employees was due solely to causes which had no relation to their union activities; and that the increase in wages was in no way related to the effort being made to unionize the employees. The inferences reasonably to be drawn from this conflicting evidence were for the Board to determine. Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456; National Labor Relations Board v. Ozark Hardwood Co., supra, 8 Cir., 194 F.2d 963.

We think, however, that the Board's order goes too far in requiring the petitioner to notify the Union that the letters referred to in paragraph 2(d) of the Board's order and in the last paragraph of Appendix A, the "Notice To All Employees," were obtained by the petitioner from the employees who wrote and signed the letters by "threats and coercion." The letters purported to withdraw from the Union authority to represent these employees. The petitioner furnished the form for the letters. The employees wrote them after the Union's campaign and the strike called on April 13, 1950, had failed of their purpose and in connection with the granting by the petitioner of the employees' requests that they be permitted to return to work. Of course the petitioner should not have interested itself in any way in the matter of the revocation of authority previously given by any of its employees to the Union to represent them. It is apparent, however, that at least some of these employees felt that the Union had been of no assistance to them, and desired to withdraw its authority to represent them. The evidence, we think, does not sufficiently show that the letters were obtained by the petitioner through "threats and coercion." Other provisions of the Board's order will prevent a recurrence of any like objectionable conduct on the part of the petitioner. The Union,

1. Contrary to petitioner's asserted belief, this Court has not in any case attempted to resolve the question of the sufficiency of the evidence to support judicial or administrative action except upon consideration of the record as a whole.

which participated in the proceedings culminating in the order under review, is fully advised of the circumstances under which the letters were written and mailed. We fail to see that any useful purpose can be served by requiring the petitioner to give further notice to anyone with respect to these letters.

The order of the Board is modified by eliminating paragraph 2(d) and the last paragraph of Appendix A, the "Notice To All Employees." The Board is entitled to enforcement of the order as so modified.