## NATIONAL LABOR RELATIONS BOARD

v.

## COLD SPRING GRANITE CO.
### No. 14822.

United States Court of Appeals,
Eighth Circuit.

Nov. 2, 1953.

Robert H. Hurt, Washington, D. C. (George J. Bott, General Counsel, David P. Findling, Associate General Counsel, A. Norman Somers, Asst. Gen. Counsel, and Arnold Ordman, Washington, D. C., on the brief), for petitioner.

Henry Halladay, Minneapolis, Minn. (Curtis L. Roy, Dorsey, Colman, Barker, Scott & Barber, Minneapolis, Minn., and Francis W. Russell, Cold Spring, Minn., on the brief), for respondent.

Before GARDNER, Chief Judge, and WOODROUGH and COLLET, Circuit Judges.

GARDNER, Chief Judge.

The National Labor Relations Board has petitioned to enforce a cease and desist order entered by it against the Cold Spring Granite Company. The Board found the respondent guilty of violation of the provisions of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., (1) by improper interrogation of employees relative to their union activities, (2) by surveillance of their union and concerted activities, (3) by making threats of reprisal or promises of benefit, (4) by improper timing of a wage increase, and (5) by discharging for union activities one of its employees. The respondent resists the application for enforcement of the order, basing its resistance largely on the claim that the

findings of the Board are not sustained by the evidence.

Counsel for respondent have ably argued the questions of fact but in doing so have disregarded the limitations placed upon the function of this court in proceedings for review of findings of the National Labor Relations Board. We do not find facts; that is the function of the National Labor Relations Board and if the findings of the Board are supported by substantial evidence they should be sustained. We must view the evidence in a light most favorable to the prevailing party and we must assume that all conflicts in the evidence have been resolved in favor of the prevailing party as it is the province of the trier of facts to pass upon the credibility of witnesses and the weight to be given to their testimony. The applicable rules of procedure are so fully stated by us in N. L. R. B. v. Minnesota Mining & Manufacturing Co., 8 Cir., 179 F.2d 323, 325, that we here reaffirm the teaching of that case. We there said:

"The limited scope of our power of review has often been repeated. That the Board is the sole judge of the facts, the credibility of witnesses, the weight of evidence, and the inferences to be drawn from circumstantial and conflicting evidence, is not open to question. Donnelly Garment Co. v. National Labor Relations Board, 8 Cir., 165 F.2d 940, 941 and cases cited. On review, this Court may not concern itself with the correctness of the Board's decision of questions of fact, Donnelly Garment Co. v. National Labor Relations Board, supra, page 942 of 165 F.2d; Pittsburgh Plate Glass Co. v. National Labor Relations Board, 8 Cir., 113 F.2d 698, 701, affirmed 313 U.S. 146, 61 S.Ct. 908, 85 L.Ed. 1251, but only with whether there is adequate evidence in the record to justify the Board's findings and order. The review of an order of the Board is in no sense a trial de novo nor even completely analogous to a review of a judgment of a trial court in a nonjury case. The decision of the Board is like the verdict of a jury, which, on appeal, may be set aside only if unsupported by substantial evidence." With these limitations in mind we turn to a consideration of the evidence tending to prove a violation of Sec. 8(a)(1) of the National Labor Relations Act. There is substantial evidence that a supervisory officer of the respondent hearing of union activities among its employees interrogated them as to their union activities or affiliations. The interrogation went beyond mere argument or advice and in some instances implied a threat of reprisal. A detailed review of the evidence in this regard would serve no useful purpose. The inferences to be drawn from the evidence and all the surrounding circumstances were for the Board and as we have often said, the question on review is not whether the evidence might support other conclusions than those arrived at by the Board nor whether we if sitting as a court with power to weigh the evidence would reach the same conclusion, but rather whether the evidence viewed in a light most favorable to the prevailing party is substantial. The contention of the respondent on this phase of the case is, we think, without merit. N. L. R. B. v. Minnesota Mining & Manufacturing Co., supra; N. L. R. B. v. Dixon, 8 Cir., 184 F.2d 521; N. L. R. B. v. Ozark Hardwood Co., 8 Cir., 194 F.2d 963; Coca-Cola Bottling Co. of St. Louis v. N. L. R. B., 8 Cir., 195 F.2d 955.

In view of our conclusion that the finding of the Board on the question of improper interrogation of its employees relative to their union activities and affiliations was violative of Sec. 8(a)(1) of the National Labor Relations Act, we pretermit consideration of the claim that the timing of the increase of pay given its employees was also improper.

It remains to consider the finding of the Board that the layoff of Mearle L. Smart was discriminatory and hence a violation of Sec. 8(a)(3) of the National Labor Relations Act. Smart was the chief proponent of unionizing his fellow employees. This was known to respondent's supervising officers and Smart in effect was threatened with dis-

charge because of his activities in promoting the union. It was known that he was very active in contacting respondent's employees in the interest of the union. He had been with respondent for over six years, was a skilled workman and had had more experience as a hoist operator than the man retained to supplant him, and the Board was of the view that respondent offered no satisfactory explanation of his layoff and we cannot say that the inferences drawn by the Board to the effect that his layoff was caused by his known union activities is clearly erroneous. The conclusion in this regard, we think, was warranted and sustained by substantial evidence.

Finding no prejudicial error in the record, the cease and desist order will be enforced.