**I. C. SUTTON HANDLE FACTORY,
Petitioner,**

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

**No. 15942.**

United States Court of Appeals
Eighth Circuit.

June 11, 1958.

Rehearing Denied July 28, 1958.

Robert W. Cummins, Harrison, Ark.,
for petitioner.

Frederick U. Reel, Attorney, National
Labor Relations Board, Washington, D.
C. (Jerome D. Fenton, Gen. Counsel,
Thomas J. McDermott, Assoc. Gen. Counsel,
and Marcel Mallet-Prevost, Asst. Gen.
Counsel, National Labor Relations Board,
Washington, D. C., were with him on the
brief), for respondent.

Before SANBORN, VOGEL and
MATTHES, Circuit Judges.

SANBORN, Circuit Judge.

I. C. Sutton, Sr., doing business as I. C.
Sutton Handle Factory, at Harrison,
Arkansas, has petitioned this Court for
the review and reversal of an order of the
National Labor Relations Board, the
practical effect of which is (1) to disable
the petitioner from interfering in any
way with the union affiliations and activities
of his employees; (2) to require
the reinstatement, with back pay, of Joe
Hulsey, found by the Board to have been
discriminatorily discharged; and (3) to
post the usual notices.

The petitioner asserts that there was
no adequate evidentiary basis for the
Board's findings and order. This the
Board denies, and it asks that the order
under review be enforced.

There is nothing unusual about this
controversy. It falls within a familiar
pattern, growing, as it does, out of things
that were done and things that were said
during a campaign started in the spring
of 1956 by the United Brotherhood of
Carpenters and Joiners of America,
AFL–CIO, Local Union 2746, to organize
the employees of the petitioner, among
whom Joe Hulsey was the most active
union advocate and proponent.

A detailed discussion of the evidence,
with which the parties are entirely
familiar and which can be of little interest
to others, is unnecessary. It is
enough to say that there was substantial
evidence before the Board from which, in
our opinion, it reasonably could infer
that the petitioner was opposed to the
unionization of his employee; that his
supervisors at the plant asked questions
of, and made remarks to, the employees,
during the campaign, which were calculated
to discourage and deter them
from becoming members of the union;
and that, at the very height of the union
campaign, Joe Hulsey, on October 24,
1956, the day after he had mailed to the

union a number of applications by employees for membership in the union, was discharged.

It is obvious to us that the questions whether the petitioner had, by interrogation, threats or otherwise, in violation of Section 8(a) (1) of the National Labor Relations Act as amended (61 Stat. 136, 29 U.S.C.A. § 151 et seq.), interfered with the rights of his employees to do as they pleased about joining or not joining the union, and whether, in violation of Section 8(a) (3) and (1) of the Act, the petitioner had discharged Joe Hulsey because of his union activities, were questions of fact for the Board, and are not questions of law for this Court.

The contention of the petitioner is that because his testimony that Hulsey was discharged "for visiting and interfering with others' work" was uncontradicted, the Board was precluded from finding that Hulsey's discharge was motivated by his union activities. The record shows that Hulsey had been employed by the petitioner for more than three years, and that during that time no complaints had been made about his work. We are satisfied that, from the circumstances surrounding Hulsey's discharge, the Board reasonably could infer that his separation from his employment just as the crucial stage in the campaign of the union to organize the petitioner's plant had been reached, was the proximate result of his union activities. The Board, as the trier of the facts, was not compelled to accept at its face value the testimony of the petitioner, a highly interested witness, even though it was uncontradicted. See and compare Noland v. Buffalo Insurance Co., 8 Cir., 181 F.2d 735, 738 and cases cited. The law applicable to cases such as this has been repeatedly stated in the decisions of this Court and of Courts of Appeals of the other Circuits. This case differs in no controlling respects from National Labor Relations Board v. Minnesota Mining & Manufacturing Co., 8 Cir., 179 F.2d 323; Coca-Cola Bottling Co. of St. Louis v. National Labor Relations Board, 8 Cir., 195 F 2d 955, and National Labor Relations

Board v. Cold Spring Granite Co., 8 Cir., 208 F.2d 163.

We find nothing in the record which would justify a reversal of the order under review or a refusal by this Court to enforce it.

The request of the Board for the enforcement of its order is granted.